1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re APPLIED SIGNAL TECHNOLOGY,          Master File No. C 05-1027

INC. SECURITIES LITIGATION               CLASS ACTION

_____   **ORDER**

                                          [Docket No. 10]

This Document Relates To: All Actions.

_____

This matter comes before the Court on Frank Whiting's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Docket No. 10]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Whiting's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel.

## BACKGROUND

On March 11, 2005, plaintiff Brent Berson ("Berson") filed a complaint in this district on behalf of himself and on behalf of all persons who purchased the securities of Applied Signal Technology, Inc. ("Applied Signal") between May 25, 2004 and February 22, 2005 (the "*Berson* complaint"). In the *Berson* complaint, Berson alleges, *inter alia*, that Applied Signal and certain of its officers and directors violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements.

Also on March 11, 2005, counsel for Berson caused a notice to be published advising purchasers of Applied Signal securities of (i) the pendency of a securities class action against defendants; (ii) the claims asserted; (iii) the purported class period of the litigation; and (iv) the right of any member of the purported class to move the Court to serve as lead plaintiff. *See* Decl. of Alan R. Plutzik ("Plutzik

Decl.") at Ex. B.

On April 19, 2005, plaintiff Shalomah Sameyah ("Sameyah") filed a complaint in this district on behalf of himself and on behalf of all persons who purchased the securities of Applied Signal between May 25, 2004 and February 22, 2005 (the "Sameyah complaint"). In the *Sameyah* complaint, Sameyah alleges, *inter alia*, that Applied Signal and certain of its officers and directors violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements.

On May 10, 2005, this Court ordered that the *Berson* complaint and the *Sameyah* complaint be deemed related. Also on May 10, 2005, Frank Whiting filed the instant Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Whiting's Motion for Appointment as Lead Plaintiff"). No other members of the purported class have filed motions requesting to be appointed lead plaintiff.

On July 1, 2005, defendants Applied Signal, Gary Yancey, and James Doyle (collectively, "Defendants") filed a Statement of Non-Opposition to Whiting's Motion for Appointment as Lead Plaintiff.

On July 13, 2005, by Order of this Court, and pursuant to Federal Rule of Civil Procedure 42(a), the *Berson* and *Sameyah* cases were consolidated into one action.

**LEGAL STANDARD**

The selection of the lead plaintiff is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

Under the PSLRA, the plaintiff who files the first class-action complaint must publish a notice advising members of the purported class of the (i) pendency of the action, (ii) the claims asserted therein, (iii) the purported class period, and (iv) the option of any member of the purported class to move to be appointed as lead plaintiff of the purported class no later than sixty days after the date on which the notice is published. *See* 15 U.S.C. § 78u-4(a)(3)(A).

After the notice is published, the Court shall consider any motion by a class member and shall

United States District Court
For the Northern District of California

2

appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereafter . . . referred to as the most adequate plaintiff) . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

In selecting the lead plaintiff,

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that -
>> (aa) has either filed the complaint or made a motion [for designation as lead plaintiff];
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that a plaintiff is adequate may be rebutted

> [O]nly upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -
>> (aa) will not fairly and adequately protect the interests of the class; or
>> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## ANALYSIS

In Whiting's Motion for Appointment as Lead Plaintiff, Whiting seeks to be appointed as lead plaintiff and requests that the Court approve his selection of Schatz & Nobel, P.C., as lead counsel, and Bramson, Plutzik, Mahler & Birkhaeuser, LLP, as liaison counsel. Whiting is the sole member of the purported class seeking appointment as lead plaintiff.

Having considered the requirements of 15 U.S.C. § 78u-4 and Federal Rule of Civil Procedure 23, the Court finds that Whiting has sufficiently shown that he should be appointed to serve as lead plaintiff and that his choice of counsel should be approved.

**A.      Lead Plaintiff**

**1.      Notice Requirement**

First, the Court finds that the notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I)

United States District Court

For the Northern District of California

3

United States District Court

For the Northern District of California

and (II) have been satisfied.  Specifically, on March 11, 2005, counsel for plaintiff Brent Berson caused a notice (the "Notice") to be published advising purchasers of Applied Signal securities of (i) the pendency of a securities class action against Defendants; (ii) the claims asserted; (iii) the purported class period of the litigation; and (iv) the right of any member of the purported class to move the Court to serve as lead plaintiff on or before May 10, 2005.  *See* Plutzik Decl. at Ex. B.  Whiting satisfied 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) by moving for appointment as lead plaintiff on May 10, 2005.

**2.      Financial Interest**

The Court also finds that Whiting has demonstrated that he has the largest financial interest in the relief sought by the class within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Specifically, Whiting has shown that he purchased 10,000 shares of Applied Signal stock during the class period at a total price of $309,037 and sustained an estimated loss of approximately $105,419.  *See* Plutzik Decl. at Ex. A; *see also Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) (finding that, when only one person or group has moved to serve as lead plaintiff, that person or group presumptively has the largest financial interest in the relief sought).

**3.      Certification of Named Plaintiff**

Further, as required by 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi), Whiting has submitted a sworn certification stating that:

(i) he has reviewed the complaint;

(ii) he did not purchase his shares of Applied Signal at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws;

(iii) he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) in the past three years, he has not sought to serve, nor has served, as a representative party on behalf of a class in any private federal securities action except for *In re JAKKS Pacific, Inc.*, No. 04-CV-8807-KMK (S.D.N.Y. 2004); and

(v) he will not accept any payment for serving as a representative party on behalf of the

4

class beyond his pro rata share of any recovery.

*See* Plutzik Decl. at Ex. B.

### 4.    Rule 23(a)

Whiting has also satisfied the requirements set forth in Federal Rule of Civil Procedure 23.  Rule 23 requires that the Court find that:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative class are typical of the claims and defenses of the class, and
> (4) the representatives of the parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of "typicality" and adequacy of representation are the key factors.  *See Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA.").

The "typicality" requirement is satisfied when: (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct.  *See Armour*, 171 F. Supp. 2d at 1052.  The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class, and when the proposed lead plaintiff has retained experienced and capable counsel.  *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).

Here, Whiting alleges that, due to Defendants' allegedly false and misleading representations concerning Applied Signal, he suffered damages when he purchased Applied Signal securities during the purported class period.  Whiting's claims are therefore typical of the claims of other members of the class.  Additionally, it appears that Whiting's interests are aligned with those of the purported members of the purported class, and there is no evidence of any antagonism between Whiting's interests and those of the purported class.  Further, Whiting has obtained qualified and experienced counsel, and, as set

5

1  forth in his Certification of Named Plaintiff, Whiting has stated that he is willing to assume the

2  responsibilities of the class representative.  *See* Plutzik Decl. at Ex. A.  These factors demonstrate that

3  Whiting's claims are typical of those of the purported class, as required by Rule 23(a)(3), and that

4  Whiting will fairly and adequately represent the interests of the purported class, as required by Rule

5  23(a)(4).

6  **B.      Selection of Counsel**

7       The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court,

8  select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

9       Whiting argues that the Court should approve the firm of Schatz & Nobel, P.C., as lead counsel,

10  and Bramson, Plutzick, Mahler & Birkhaeuser, LLP, as liason counsel, because the two firms have

11  extensive experience in the area of securities class action litigation.  In support of his argument, Whiting

12  has provided the Court with the resumes for the two firms.  *See* Plutzik Decl. at Exs. C and D.  Having

13  reviewed the firms' resumes, the Court is satisfied that Schatz & Nobel, P.C. and Bramson, Plutkik,

14  Mahler & Birkhaeuser, LLP are sufficiently qualified and experienced in securities class action

15  litigation.  The Court therefore approves Whiting's selection of Schatz & Nobel, P.C., as lead counsel,

16  and Bramson, Plutick, Mahler & Birkhaeuser, LLP, as liaison counsel, provided, however, that there

17  is no duplication of attorney's services, and provided that the retention of the two firms does not in any

18  way unnecessarily increase attorney's fees and expenses.  *See, e.g., In re Donnkenny Inc. Sec. Lit.*, 171

19  F.R.D. 156, 158 (S.D.N.Y. 1997).

20                                        **CONCLUSION**

21       IT IS HEREBY ORDERED THAT Whiting's Motion for Appointment as Lead Plaintiff and

22  Approval of Lead Plaintiff's Selection of Counsel [Docket No. 10] is GRANTED.  Accordingly, Frank

23  Whiting is HEREBY APPOINTED to serve as Lead Plaintiff.

24       IT IS FURTHER ORDERED THAT Lead Plaintiff's selection of Schatz & Nobel, P.C., as Lead

25  Counsel, and Bramson, Plutzik, Mahler & Brikhaeuser, LLP, as Liaison Counsel, is APPROVED,

26

27

28

United States District Court
For the Northern District of California

6

provided that there is no duplication of attorney's services and provided that the retention of the two firms does not in any way unnecessarily increase attorney's fees and expenses.

IT IS SO ORDERED.

Dated: 7-14-05

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

7