UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | **EXHIBIT A TO JOINT MOTION FOR ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING A HEARING DATE** |

# EXHIBIT A

March 26, 2009 Stipulation of Settlement

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA)<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **STIPULATION OF SETTLEMENT** |

 This Stipulation of Settlement (the "Settlement Stipulation") is made and entered in the above captioned litigation (the "Litigation") as of this 26th day of March, 2009, by and among (i) Lead Plaintiff Frank Whiting, on behalf of himself and each of the Settlement Class Members (as defined below), and (ii) Defendants Applied Signal Technology, Inc., Gary Yancey and James Doyle (collectively, the "Defendants"), by and through their respective counsel of record in the Litigation (collectively the "Parties"). Subject to the approval of the Court, the Settlement Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined herein) upon and subject to the terms and conditions hereof (the "Settlement").

**I. THE LITIGATION**

 The Litigation was commenced in March of 2005 as a class action under Rule 23 of the Federal Rules of Civil Procedure in the United States District Court, Northern District of California. By an Order dated July 13, 2005, the Court appointed Frank Whiting as Lead Plaintiff and approved Lead Plaintiff's selection of Schatz & Nobel,

P.C. (now Izard Nobel LLP) as Lead Counsel. On August 12, 2005, Lead Plaintiff filed a Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint asserted claims against Defendants for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of all persons who purchased the common stock of Applied Signal Technology, Inc. ("Applied Signal") during the period from August 25, 2004 through February 22, 2005, excluding the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company had a controlling interest or of which the Company was a parent or subsidiary. The Complaint alleged that during the Settlement Class Period (as defined below), Defendants issued false and misleading statements that artificially inflated the stock price of Applied Signal.

On February 6, 2006, the District Court (Armstrong, *J.*) dismissed the Complaint with prejudice, and denied the pending Motion for Class Certification as moot. Plaintiff timely appealed the dismissal, and on June 5, 2008 the 9th Circuit reversed the District Court's ruling. Defendants subsequently filed an Answer to the Complaint, and the parties engaged in discovery.

## II.    SETTLEMENT NEGOTIATIONS AND MEDIATION

The Settlement was the result of arms-length settlement negotiations. On January 30, 2009, the Parties participated in a full-day mediation session before the Honorable Daniel Weinstein (Ret.) in New York City, during which factual and legal presentations were made by counsel concerning, *inter alia,* the merits of the factual and legal claims asserted in the Litigation and the size of potential damages to the Settlement Class, if any. Although the Parties were unable to reach agreement during this mediation session, Judge

Weinstein subsequently made a compromise recommendation that was accepted, with some modifications, by all Parties.

## III.     THE DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff on behalf of the Settlement Class. Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.

The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants enter into this Stipulation and Settlement without in any way acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court or otherwise against any of the Defendants on the merits of the claims asserted by Lead Plaintiff. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on the part of any of the Defendants. The Defendants enter into this Stipulation and Settlement based upon, among other things, the parties' agreement herein that, to the fullest extent permitted by law, neither this Stipulation nor any of its terms or provisions,

nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by any of the Defendants or any of their respective Related Entities or any other matter adverse to any of the Defendants or any of their respective Related Entities, except as expressly set forth herein.

## IV. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the information obtained and examined by Lead Counsel supports the claims asserted. However, Lead Counsel recognize that there are significant risks, uncertainty, and expense in proceeding with the Litigation through trial and any appeals. Lead Counsel are also mindful of the inherent problems of proof under, and possible defenses to, federal securities law claims. Lead Counsel believes that the Settlement confers substantial benefits upon the Settlement Class and each Settlement Class Member. Lead Plaintiff and Lead Counsel have determined that a recovery now will provide an immediate benefit to Settlement Class Members, which is superior to the risk of proceeding with the Litigation. As a result of these considerations, and based upon extensive arms-length settlement negotiations with Defendants' Counsel, Lead Plaintiff and Lead Counsel have determined that the Settlement is in the best interests of the Lead Plaintiff and the Settlement Class and each Settlement Class Member.

IT IS HEREBY STIPULATED AND AGREED that, subject to the approval of the Court and other conditions set forth herein, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be

dismissed with prejudice and without costs as to all Parties, upon and subject to the terms and conditions of the Settlement Stipulation, as follows:

**1.** **Definitions**

As used in the Settlement Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means a Settlement Class Member who timely submits to the Claims Administrator a valid Proof of Claim that has been allowed pursuant to the terms of this Settlement Stipulation.

1.2 "Claims Administrator" means FRG Information Systems Corporation, or such other person or entity designated by Co-Lead Counsel and approved by the Court (i) to provide services in connection with locating Settlement Class Members, providing them with the Notice and Proof of Claim and Release, and publishing the Summary Notice in connection with this Settlement and (ii) to provide services in connection with the filing of claims, administering and calculating the claims submitted by Settlement Class Members, distributing the Settlement Fund to the Settlement Class Members, processing Proofs of Claim and Releases, and paying escrow fees and costs, in connection with this Settlement.

1.3 "Lead Counsel" means Izard Nobel LLP.

1.4 "Costs of Administration" means the costs and expenses reasonably and actually incurred in connection with the filing of claims, administering and calculating the claims submitted by Settlement Class Members, distributing the Settlement Fund to the Settlement Class Members, processing Proofs of Claim and Releases, and paying escrow fees and costs, if any.

1.5 "Costs of Notice" means the costs and expenses reasonably and actually incurred in connection with locating Settlement Class Members, providing them with the Notice and Proof of Claim and Release, and publishing the Summary Notice.

1.6 "Court" means the United States District Court for the Northern District of California.

1.7 "Defendants" means Defendants Applied Signal Technology, Inc., Gary Yancey and James Doyle.

1.8 "Effective Date" means the first business day after all of the events and conditions specified in ¶ 9.1 of the Settlement Stipulation have been met and have occurred.

1.9 "Escrow Account" means the bank account maintained by the Escrow Agent into which the Settlement Fund shall be deposited.

1.10 "Escrow Agent" means Izard Nobel LLP.

1.11 "Fee and Expense Application" means the application by Lead Counsel for an award of the following amounts from the Settlement Fund: (i) an award of attorneys' fees in an amount up to thirty percent (30%) of the Settlement Fund; (ii) reimbursement of costs and expenses incurred in connection with prosecuting the Litigation; and (iii) interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund after deposit (until paid), as may be awarded by the Court.

1.12 "Fee and Expense Award" means the attorneys' fees, expenses, and costs with interest thereon awarded by the Court in connection with the Fee and Expense Application.

1.13    "Final" means when the last of the following occurs: (i) the expiration of five (5) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of five (5) business days after the time for the filing or noticing of any appeal of the Judgment without any appeal having been taken (which date shall be deemed to be thirty-five (35) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 35th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 35th day); (iii) if an appeal is taken, five (5) business days after the date of final dismissal of any appeal from the Judgment; (iv) if a motion to alter or amend the judgment is filed, five (5) business days after the date the Court decides any such motion to alter or amend the judgment provided, the Court rejects such motion.   An appeal pertaining solely to the Plan of Allocation, Fee and Expense Application and/or the Lead Plaintiff's Expense Application which can, under no circumstances, result in modification of that portion of the Court's Judgment dismissing the Litigation with prejudice as to all Defendants, shall not delay or preclude the Judgment from being Final.

1.14    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit "B."

1.15    "Lead Plaintiff" means Frank Whiting.

1.16    "Lead Plaintiff's Expense Application" means the application to the Court by Lead Plaintiff to authorize the Lead Plaintiff's Expense Award.

1.17 "Lead Plaintiff's Expense Award" means an award of the reasonable costs and expenses (including lost wages) incurred by Lead Plaintiff relating to the Litigation and his representation of the Settlement Class, to the extent allowed by the Court.

1.19 "Net Settlement Fund" means the balance of the Settlement Fund, together with any interest earned thereon, after payment of Costs of Notice and Costs of Administration, any Taxes and Tax Expenses, the Fee and Expense Award and the Lead Plaintiff's Expense Award.

1.20 "Notice" means the Notice of Pendency of Proposed Settlement of Class Action, Settlement Hearing and Fee and Expense Application to be sent to Settlement Class Members, substantially in the form attached hereto as Exhibit A-1.

1.21 "Notice and Administration Fund" means the fund that may be established by the Escrow Agent in accordance with paragraph 3.5 with respect to Costs of Notice and Costs of Administration.

1.22 "Notice Order" means the order substantially in the form of Exhibit A attached hereto, *inter alia*, (i) preliminarily approving the Settlement set forth in the Settlement Stipulation and (ii) preliminarily approving the mailing of the Notice with the Proof of Claim and Release and the issuance of the Summary Notice.

1.23 "Parties" means, collectively, each of the Defendants and the Lead Plaintiff (on behalf of himself and the Settlement Class Members).

1.24 "Person" means an individual, spouses, heirs, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any business or legal entity and its predecessors, successors, representatives, or assignees.

1.25    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund to be prepared by Lead Counsel which shall be described in the Notice, whereby the Net Settlement Fund shall be distributed to Authorized Claimants. The Plan of Allocation is not part of the Settlement Stipulation.

1.26    "Preliminary Approval" means the entry of the Notice Order.

1.27    "Proof of Claim and Release" means a proof of claim and release in substantially the form attached hereto as Exhibit A-3.

1.28    "Related Parties" means all of each Defendant's past, present, and future employers, affiliated or parent companies, subsidiaries, predecessors and successors, any entity in which a Defendant and/or any member(s) of any Defendant's immediate family has or have a controlling interest, agents, accountants, auditors, banks, investment banks or investment bankers, advisors, analysts, personal or legal representatives, insurers, co-insurers, reinsurers,  attorneys, spouses, associates, successors, assigns, creditors, administrators, heirs, joint ventures, legal representatives, any members of their immediate families, or any trust of which any Defendant is the trustee or settlor or which is for the benefit of any Defendant and/or member(s) of his family. Related Parties shall also include, for each entity identified in the previous sentence, all of such entities past or present directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, any entity in which such entity has or have a controlling interest, attorneys, accountants, auditors, banks, investment banks or investment bankers, advisors, analysts, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, associates, and related or affiliated entities.

1 29   "Released Claims" shall collectively mean all claims, known or unknown (including "Unknown Claims," as defined in ¶1.40), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether in contract, tort, equity or otherwise, whether or not concealed or hidden, asserted or that might have been asserted in this or any other forum or proceeding, including, without limitation, claims for negligence, gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, mismanagement, corporate waste, breach of contract, or violations of any state or federal statutes, rules or regulations, by or on behalf of Lead Plaintiff, the Settlement Class, or any Settlement Class Member against the Released Persons which are based upon or related to the purchase of Applied Signal common stock by any Settlement Class Member during the Settlement Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation, or any other forum.

1.30   "Released Persons" means the Defendants and their respective Related Parties.

1.31   "Requests for Exclusion" means any timely and valid requests for exclusion from the Settlement Class in accordance with the provisions of the Notice Order.

1.32   "Settlement Class" means all persons who purchased Applied Signal common stock during the Settlement Class Period exclusive of Defendants, the Company's employees, officers, directors, members of Defendants' immediate families,

any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary, and the legal representatives, heirs, successors or assigns of any such excluded person. Also excluded from the Settlement Class are those Persons who timely and validly make Requests for Exclusion.

     1.33   "Settlement Class Member" or "Member of the Settlement Class" means any Person who falls within the definition of the Settlement Class, as defined above.

     1.34   "Settlement Class Period" means the period from August 25, 2004 through and including February 22, 2005, inclusive.

     1.35   "Settlement Fund" means the principal amount of Two Million, Seven Hundred Thousand Dollars ($2,700,000) in cash, plus the interest earned thereon from the date of the deposit in the Escrow Account maintained by the Escrow Agent.

     1.36   "Settlement Hearing" means the hearing where the Court will determine, *inter alia*, whether the Settlement should be finally approved as fair, reasonable and adequate to the Settlement Class, and whether the Court should enter a Final Judgment approving the proposed settlement and dismissing the Litigation on the merits and with prejudice.

     1.37   "Summary Notice" means the summary notice in substantially the form attached hereto as Exhibit A-2.

     1.38   "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

     1.39   "Tax Expenses" means the reasonable and actual expenses and costs incurred in connection with the operation and implementation of the Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants and mailing

and distribution costs and expenses relating to filing (or failing to file) all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. Section 1.468B-2(k)). Tax Expenses shall not exceed the interest earned on the Settlement Fund.

     1.40    "Unknown Claims" means any Released Claim which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff shall expressly waive, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign country or jurisdiction, or principle of common law, which are similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from

those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2.    Payments**

2.1    The principal amount of $2,700,000.00 in cash shall be paid or caused to be paid by or on behalf of Defendants to the Escrow Agent within twenty (20) calendar days after the Court's entry of the Notice Order. All interest on the Settlement Fund shall accrue to the Settlement Fund, unless for any reason the Judgment does not become Final, in which case the interest will follow the return of the Settlement Fund.

**3.    Certification of the Settlement Class**

3.1    For the sole purpose of implementation, approval and consummation of the Settlement, the Parties stipulate and agree that the Court may enter an order certifying

the Settlement Class, appointing the Lead Plaintiff as the representative of the Settlement Class, and appoint Co-Lead Counsel as counsel for the Settlement Class.

3.2     Certification of the Settlement Class and appointment of Co-Lead Counsel as counsel for the Settlement Class, as set forth herein, shall be binding only with respect to the Settlement set forth in the Stipulation.   In the event that this Stipulation is terminated or cancelled or that the Effective Date does not occur for any reason, the stipulated certification of the Settlement Class shall be vacated and the Litigation shall proceed as though the Settlement Class had never been certified.  Except to effectuate the Settlement, neither the Parties, their respective counsel, nor any member of the Settlement Class shall cite, present as evidence or legal precedent, rely upon, make reference to or otherwise make any use whatsoever of this stipulated certification of the Settlement Class, in this Litigation or in any other proceeding.

**4.     Administration of the Settlement Fund**

4.1     The Escrow Agent shall cause the investment of the Settlement Fund in instruments backed by the full faith and credit of the United States or issued by an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at then-current market rates.

4.2     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Settlement Stipulation, or as ordered by the Court.

4.3     Subject to further order and direction of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Settlement Stipulation.

4.4    All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement Stipulation and/or further order(s) of the Court.

4.5    Within five days after its receipt of the payment of the Settlement Fund to the Escrow Agent, the Escrow Agent may establish the Notice and Administration Fund, and may deposit up to $100,000 from the Settlement Fund into it.   The Notice and Administration Fund may be used by the Escrow Agent towards the payment of Costs of Notice and Costs of Administration; provided, however, that nothing in this Settlement Stipulation shall be construed or interpreted as limiting the amounts that may be paid to the Claims Administrator with respect to the Costs of Notice and the Costs of Administration, subject to Court approval.

4.6    (a)    The Parties and the Escrow Agent agree to treat the Settlement Fund, unless for any reason the Judgment does not become Final, as a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1.   The Escrow Agent shall timely make the "relation-back election" (as defined in Treas. Reg. Section 1.468B-1) back to the earliest permitted date, in compliance with the procedures and requirements contained in such regulations. The Escrow Agent shall timely and properly prepare and deliver the necessary documentation for signature by all necessary Parties, and to cause the appropriate filing to occur.

(b)    For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B, the "administrator" shall be the Claims Administrator.   The Claims Administrator shall timely and properly file all informational

and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. Section 1.468B-2(k)). Such returns (as well as the election described in ¶4.6(a)) shall be consistent with this ¶4.6 and shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶4.6(c) hereof.

(c)     All Taxes and Tax Expenses shall be paid out of the Settlement Fund prior to distribution to Settlement Class Members.   Further, Taxes and Tax Expenses shall be treated as, and considered to be, part of the Costs of Administration and shall be timely paid by the Claims Administrator out of the Settlement Fund without prior order from the Court, and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)).   The Parties agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶4.6.   In no event shall the Released Persons have any liability or responsibility for the Taxes, the Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority, which shall be the sole responsibility of Lead Counsel or their designee.

4.7     All costs and expenses incurred by or on behalf of Lead Plaintiff and the Settlement Class associated with the Settlement, the Escrow Account and the Settlement Fund, including but not limited to any administrative costs and costs of providing notice of the Settlement to Settlement Class Members, and any award by the Court of attorneys'

fees and expenses to Lead Counsel, shall be paid from the Settlement Fund and in no event shall the Released Parties bear any liability or responsibility for such costs.

## 5.    Notice Order and Settlement Hearing

5.1    The Parties hereby agree to submit the Settlement Stipulation together with its Exhibits to the Court and jointly to apply for entry of the Notice Order within five business days after the execution of the Settlement Stipulation.

5.2    The Parties shall request that, after the Notice is given, the Court, in accordance with Federal Rule of Civil Procedure 23, hold the Settlement Hearing and finally approve the Settlement and enter the Judgment.    At or after the Settlement Hearing, Co-Lead Counsel will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application and the Lead Plaintiff's Expense Application.

## 6.    Releases

6.1    Upon the Effective Date, Lead Plaintiff shall release and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

6.2    Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Plaintiffs, the Settlement Class Members and all Plaintiffs' Counsel, from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Litigation or the Released Claims.

6.3 Upon the Effective Date, all Plaintiffs, the Settlement Class Members, and all Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Persons from all claims arising out of, relating to, or in connection with the defense, or resolution of the Litigation or the Released Claims

6.4 Except as otherwise expressly provided for in this Stipulation, the Parties shall each bear their own respective attorneys' fees, expenses and costs incurred in connection with the conduct and settlement of the Litigation, and the preparation, implementation and performance of the terms of this Stipulation.

6.5 Except as otherwise ordered by the Court, only those Settlement Class Members submitting valid and timely Proofs of Claim and Releases shall be entitled to participate in and receive any distributions from the Settlement Fund. The Proof of Claim and Release to be executed by the Settlement Class Members shall release all Released Claims against the Released Persons, and shall be substantially in the form and content of Exhibit A-3 hereto. Each Settlement Class Member shall be bound by the releases set forth in the Settlement Stipulation whether or not he, she or it submits a Proof of Claim and Release, and whether or not the Claims Administrator accepts his, her or its Proof of Claim and Release.

6.6 Lead Plaintiff covenants, and each of the Settlement Class Members shall be deemed to have covenanted, and are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any Released Person any Released Claim, or to assist any third

party in commencing or maintaining any action or other proceeding relating to any Released Claim.

## 7.   Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund

7.1   The Claims Administrator, acting on behalf of the Settlement Class, and subject to such supervision, direction, and approval of Lead Counsel and the Court as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund.

7.2   The Settlement Fund shall be applied as follows:

(a)   To pay the Costs of Notice and Costs of Administration;

(b)   To pay Taxes and Tax Expenses;

(c)   To pay the Fee and Expense Award and the Lead Plaintiff's Expense Award; and

(d)   To distribute the Net Settlement Fund to the Authorized Claimants, as allowed by the Settlement Stipulation, the Plan of Allocation, or further order of the Court.

7.3   After the Effective Date and subject to such further approval and further order(s) of the Court as may be necessary, convenient or required, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)   Within one hundred twenty (120) days after the Notice Date or such other time as may be set by the Court, each Person claiming to be a Settlement Class Member shall submit to the Claims Administrator a separate completed Proof of Claim

and Release, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release, as are reasonably available to such Person.

    1.    The Claims Administrator will notify in writing each Person whose Proof of Claim and Release has been rejected, in whole or in part, and of the reasons therefore and will indicate in such notice that said Person has the right to correct any deficiencies in the Proof of Claim and Release or to a hearing before the Court.

    2.    If any Person whose Proof of Claim and Release has been rejected in whole or in part by the Claims Administrator, within twenty (20) days after receipt of the notice required in subparagraph 7.3(a)(1) above, serves upon the Claims Administrator, and files with the Court a notice indicating intent to contest the rejection and requesting a hearing thereon before the Court, the validity of such Person's claim will be determined by the Court at such time as the Court may direct. If such Person fails to serve and file such notice, said Person's Proof of Claim and Release, to the extent so rejected, will not be allowed.

    (b)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments of money pursuant to the Settlement Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation, the Settlement and releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so

long as distribution of the Net Settlement Fund is not materially delayed thereby. In no event shall this increase any amounts due by Defendants.

(c)     The Net Settlement Fund shall be distributed to the Authorized Claimants in accordance with and subject to the Plan of Allocation. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization specified by Lead Counsel, subject to Court approval.

7.4     The Claims Administrator's duties shall include submission of final reports to the Court (which shall not be under seal and which shall also be sent to Lead Counsel and Defendants' counsel) covering, but not necessarily limited to, (1) the steps and procedures taken by the Claims Administrator in complying with the Settlement Stipulation, (2) the number of eligible shares with respect to which valid and timely Proofs of Claim and Release were submitted, (3) the number of eligible shares with respect to which Requests for Exclusion were made, and (4) the amount of the Settlement Fund distributed to the Members of the Settlement Class, to -Lead Counsel, to Lead Plaintiff, to the Claims Administrator, to Costs of Notice, to Costs of Administration, to Taxes and Tax Expenses, and/or to a third party to whom any unclaimed amount may be distributed in accordance with the Settlement Stipulation.

7.5     The Released Persons or their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) the investment or distribution of

the Settlement Fund; (b) the Plan of Allocation; (c) the determination or administration of taxes; or (d) any losses incurred in connection with (a), (b) or (c). No Person shall have any claim of any kind against the Released Persons or their counsel with respect to the matters set forth in this paragraph 7 or any of its subparagraphs.

7.6     The Released Persons or their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation or payment of claims, the payment or withholding of taxes, or any losses or liabilities incurred in connection therewith.

7.7     No Person shall have any claim against Lead Counsel or any Claims Administrator, or other Person designated by Lead Counsel based on distributions made substantially in accordance with the Settlement Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

7.8     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, without limitation, any adjustments to an Authorized Claimant's claim set forth therein, is not a material part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Persons, or any other orders entered pursuant to the Stipulation.

7.9    Defendants shall have no right to appeal any order of the Court concerning the Fee and Expense Award, and the Lead Plaintiff's Expense Award, including but not limited to any Court order approving distribution of the Net Settlement Fund.

**8.    The Fee and Expense Application
       and Lead Plaintiff's Expense Application**

8.1    Lead Counsel have indicated that they intend to submit a Fee and Expense Application as well as the Lead Plaintiff's Expense Application. The Settlement Fund shall be the sole source of payment for Fee and Expense Award, any other application for fees or expenses brought by any counsel purportedly acting on behalf of Lead Plaintiff or the Settlement Class, and any Lead Plaintiff's Expense Award.

8.2    The Fee and Expense Award and Lead Plaintiff's Expense Award shall be transferred by the Escrow Agent to Lead Counsel from the Settlement Fund immediately after the Court executes an order awarding such fees, costs and expenses. Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation. In the event that the Fee and Expense Award is reversed or modified, then such of plaintiffs' counsel who have received any portion of the Fee and Expense Award shall within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it,

agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

8.3    The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel or other counsel who may purport to represent the Lead Plaintiff and the Settlement Class in connection with the Litigation, and any other Person who may assert some claim thereto, of any fee and/or expense awards that the Court may make in this Litigation.

8.4    Notwithstanding any other provision of this Settlement Stipulation, any order of the Court regarding the Fee and Expense Application, the Lead Plaintiff's Expense Application, and/or the Plan of Allocation, and any appeal from any such order(s), is neither material to, nor part of the Settlement set forth in the Settlement Stipulation, and shall not operate to terminate or cancel the Settlement Stipulation, or affect or delay the Judgment approving the Settlement Stipulation and the Settlement of the Litigation set forth herein from becoming Final. Neither a modification nor reversal on appeal of any order of the Court regarding the Fee and Expense Award, the Lead Plaintiff's Expense Award and/or the Plan of Allocation shall constitute grounds for any Party to cancel, terminate or withdraw from the Settlement Stipulation.

9.    **Conditions        of        Settlement,        Effect        of Disapproval, Cancellation, or Termination**

9.1    The Effective Date shall occur upon the occurrence of all of the following events:

    (a)    The Court shall have entered the Notice Order;

    (b)    The Court shall have entered the Judgment;

(c)     Counsel for the Defendants have not given notice of intent to exercise the option to terminate the Stipulation and Settlement in accordance with the terms of the Supplemental Agreement described in ¶9.5; and

(d)     The Judgment shall have become Final.

9.2     If any of the conditions specified in ¶ 9.1, above, are not met, then the Stipulation shall be cancelled and terminated unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

9.3     Neither a modification nor a reversal on appeal of any Plan of Allocation or of any amount of attorneys' fees, costs, expenses and interest awarded by the Court to any of the plaintiffs' counsel shall constitute a condition to the Effective Date or grounds for cancellation and termination of the Stipulation.

9.4     In the event the Settlement shall terminate, or be canceled, become null and void, or shall not become effective for any reason, the Settlement Fund (including accrued interest) shall be refunded by the Escrow Agent pursuant to written instructions from Defendants five (5) business days after written notification of such event is received by Lead Counsel; provided, however, that there will be no obligation to pay or repay any amounts actually and/or reasonably incurred for (i) Taxes or Tax Expenses and (ii) Costs of Notice and Costs of Administration not to exceed $100,000.

9.5     If prior to the Settlement Hearing, Persons who otherwise would be members of the Settlement Class have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares during the Settlement Class Period in an

amount greater than the sum specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.  Copies of all Requests for Exclusion shall be circulated among counsel for the parties as expeditiously as possible.

      9.6     In the event that the Settlement Stipulation is not approved by the Court in all material respects or is otherwise canceled in accordance with its terms, or the Settlement is otherwise canceled or terminated or fails to become effective in accordance with its terms for any reason, including, without limitation, in the event of withdrawal from this Settlement Stipulation pursuant to the Supplemental Agreement, the Settlement Stipulation shall become null and void and shall have no further force and effect and neither this Settlement Stipulation, any of its provisions, the exhibits thereto, the Supplemental Agreement, nor any of the negotiations and proceedings relating thereto (i) shall be offered by any Person in evidence, or otherwise used in the Litigation or in any other action or proceedings for any purpose, or (ii) shall prejudice the rights, claims, defenses or positions of any of the Parties hereto.  In such event, the Parties shall be restored to their respective positions in the Litigation as of January 31, 2009.  If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this agreement on notice to the breaching Party.

9.7    In the event this Stipulation shall be cancelled as set forth in ¶ 9.6 above, the Parties shall, within two weeks of such cancellation, jointly request a status conference with the Court to be held on the Court's first available date. At such status conference, the Parties shall ask the Court's assistance in scheduling continued proceedings in the Litigation as between the Parties. Pending such status conference or the expiration of sixty (60) days from the Parties' joint request for a status conference, whichever occurs first, none of the Parties shall file or serve any further motions on any of the other Parties in connection with this Litigation nor shall any response be due by any Settling Party to any outstanding pleading or motion by any other Settling Party.

**10.    Miscellaneous Provisions**

10.1    The Parties (a) acknowledge that they intend to consummate the Settlement; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Settlement Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Stipulation, including but not limited to providing reasonable assistance to Lead Counsel and/or the Claims Administrator, to the extent permitted by law, to enable them to identify Settlement Class Members, including providing names and addresses of all Persons that purchased Applied Signal common stock during the Settlement Class Period, to the extent that such information is in the possession, custody or control of, or could be obtained through a reasonable effort by, Defendants.

10.2    Each Defendant warrants as to himself or itself that, at the time any of the payments provided for herein are made on behalf of himself or itself, he or it is not insolvent and the payment will not render him or it insolvent. This representation is

made by each Defendant as to himself or itself and is not made by counsel for the Defendants.

10.3   The Parties agree that the amount of the Settlement Fund, as well as the other terms of the Settlement reflect a good faith Settlement of Lead Plaintiff's and the Settlement Class' claims, reached voluntarily after consultation with experienced legal counsel. Neither the Settlement Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Released Persons may file the Settlement Stipulation and/or the Judgment from this action in any other action that may be brought against them by any of the Settlement Class Members or any other Released Person in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4   The Parties mutually release all Counsel in the Litigation and agree that all parties and their Counsel complied with Federal Rule of Civil Procedure 11 in the Litigation, and no party will contend that any other Party or its counsel violated Federal Rule of Civil Procedure 11 in the Litigation.

10.5    All of the Exhibits to the Settlement Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

10.6    In the event that there exists a conflict or inconsistency between the terms of this Settlement Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

10.7    Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney/client privilege, joint defense privilege, or work product immunity.

10.8    With respect to the matters specified herein, the Settlement Stipulation and the Exhibits attached hereto and the Supplemental Agreement referred to in ¶9.5 supersede all prior oral or written proposals, agreements, or understandings concerning the same. Any term, condition, covenant, representation or acknowledgement contained in this Settlement Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest. Any prior agreements between the Parties, written or oral, express or implied, however denominated, are hereby cancelled and rendered null and void as of the date hereof, with no further obligation due thereon.

10.9    The Settlement Stipulation and the Exhibits attached hereto and the Supplemental Agreement referred to in ¶9.5 constitute the entire agreement among the Parties hereto, and no representations, warranties, or inducements have been made to any Party concerning the Settlement Stipulation or its Exhibits other than the representations,

warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs.

10.10   Lead Counsel, on behalf of the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Settlement Stipulation on behalf of the Settlement Class which they deem appropriate.

10.11   Each counsel or other Person executing the Settlement Stipulation or any of its Exhibits on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

10.12   All orders and agreements entered during the course of the Litigation relative to the confidentiality of information shall survive this Stipulation.

10.13   The Settlement Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.14   The Settlement Stipulation shall be binding upon, and inure to the benefit of, the Parties, the Released Persons, and all Settlement Class Members who have not filed Requests for Exclusion and their respective heirs, executors, administrators, successors and assigns and upon any corporation or other entity into or with which any Party hereto may merge or consolidate.

10.15   The waiver by one Party of any breach of this Settlement Stipulation by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Stipulation.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

10.17 The Settlement Stipulation, the Exhibits hereto and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Parties shall be construed and enforced in accordance with the laws of the State of California, without giving effect to that State's choice of law principles, except to the extent Federal laws or rules govern.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement

Stipulation to be executed, by their duly authorized attorneys

_MARCH 26, 2009_
Date

Jeffrey S. Nobel
Mark P. Kindall
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, Connecticut 06107
Tel: (860) 493-6292

*Counsel for Lead Plaintiff and Lead
Counsel for the Settlement Class*

Date

Shirli Fabbri Weiss
David Priebe
**DLA PIPER LLP (US)**

4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel: (858) 677-1400
Fax:  (858) 677-1477

2000 University Avenue
East Palo Alto, CA 94303-2248
Tel:  (650) 833-2000
Fax:  (650) 833-2001

*Counsel for Defendants*

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement

Stipulation to be executed, by their duly authorized attorneys.


_____
Date

                     _____
                     Jeffrey S. Nobel
                     Mark P. Kindall
                     IZARD NOBEL LLP
                     29 South Main Street, Suite 215
                     West Hartford, Connecticut 06107
                     Tel: (860) 493-6292

                     *Counsel for Lead Plaintiff and Lead*
                     *Counsel for the Settlement Class*


**3/26/09**
_____
Date

                     _____
                     Shirli Fabbri Weiss
                     David Priebe
                     **DLA PIPER LLP (US)**

                     4365 Executive Drive, Suite 1100
                     San Diego, CA 92121-2133
                     Tel: (858) 677-1400
                     Fax: (858) 677-1477

                     2000 University Avenue
                     East Palo Alto, CA 94303-2248
                     Tel: (650) 833-2000
                     Fax: (650) 833-2001

                     *Counsel for Defendants*

1

**[EXHIBIT A]**

2

JEFFREY S. NOBEL (*jnobel@izardnobel.com*)
MARK P. KINDALL (Bar #138703) (*mkindall@izardnobel.com*)

3

**IZARD NOBEL LLP**
29 South Main Street, Suite 215

4

West Hartford, CT 06107

5

Tel: (860) 493-6292 | Fax: (860) 493-6290

6

ALAN R. PLUTZIK (Bar #077785)
(*APlutzik@bramsonplutzik.com*)

7

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
2125 Oak Grove Road, Suite 120

8

Walnut Creek, CA 94598

9

Tel: (925) 945-0200

10

*Attorneys for Lead Plaintiff*

11

SHIRLI FABBRI WEISS (Bar #079225)
(*shirli.weiss@dlapiper.com*)

12

**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100

13

San Diego, CA 92121-2133

14

Tel: (858) 677-1400 | Fax: (858) 677-1477

15

DAVID PRIEBE (Bar #148679) (*david.priebe@dlapiper.com*)
**DLA PIPER LLP (US)**

16

2000 University Avenue

17

East Palo Alto, CA 94303-2248
Tel: (650) 833-2000 | Fax: (650) 833-2001

18

*Attorneys for Defendants*

19

**UNITED STATES DISTRICT COURT**

20

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

21

| IN RE APPLIED SIGNAL | MASTER FILE NO. C 05-1027 (SBA) |
|---|---|
| TECHNOLOGY, INC. SECURITIES | |
| LITIGATION | CLASS ACTION |

22

23

24

| THIS DOCUMENT RELATES TO: | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING HEARING DATE** |
|---|---|
| ALL ACTIONS | |

25

26

27

28

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 26, 2009 (the "Settlement Stipulation") that has been entered into by the Lead Plaintiff and the Defendants, and

WHEREAS, the Court has reviewed the Settlement Stipulation and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Stipulation.

2. The Court hereby preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing.

3. The Court preliminarily finds, for purposes of the Settlement only, that the prerequisites to a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law or fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby:

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

(i)     preliminarily certifies, for the purposes of this Settlement, a

Settlement Class of all Persons who purchased the common stock of Applied

Signal Technology, Inc. ("Applied Signal") during the period between August 25,

2004 and February 22, 2005, inclusive, with the exception of the following

excluded Persons:  Defendants, the Company's employees, officers, directors,

members of Defendants' immediate families; any entity in which any Defendant

has a controlling interest or which the Company is a parent or subsidiary; those

Persons who timely and validly request exclusion from the Settlement Class

pursuant to the Notice of Pendency and Proposed Settlement of Class Action and

Settlement Hearing ("Notice") to be sent to the Settlement Class; and the legal

representatives, heirs, successors or assigns of any excluded Person;

(ii)     preliminarily appoints Lead Plaintiff Frank Whiting as

representative of the Settlement Class; and

(iii)     preliminarily appoints Izard Nobel LLP as Lead Counsel for the

Settlement Class and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison

Counsel for the Settlement Class.

4.     For purposes of the Settlement only, Lead Counsel is authorized to act on

behalf of the Settlement Class with respect to all acts required by, or which may be given

pursuant to, the Stipulation or such other acts which are reasonably necessary to

consummate the proposed Settlement set forth in the Stipulation.

5.     Subject to the terms of the Settlement Stipulation and direction of the

Court, Lead Counsel is hereby approved and authorized to act as Escrow Agent and the

firm of FRG Information Systems Corp., is hereby appointed as Claims Administrator to

supervise and administer the Notice procedure as well as the proving of claims in accordance with the Settlement Stipulation.

6.     The proposed form of Notice attached hereto as Exhibit A-1 (the "Notice") is hereby approved, and the Court preliminarily finds that the Notice complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and the United States Constitution.

7.     Lead Counsel shall make reasonable efforts to identify all Settlement Class Members, including beneficial owners whose Applied Signal common stock was held by banks, brokerage firms, or other nominees. Present and past transfer agents of Applied Signal and Defendants shall provide reasonable assistance, to the extent permitted by law, to Lead Counsel to enable them to identify Settlement Class Members, including providing names and addresses of all Persons that purchased Applied Signal common stock during the Settlement Class Period, to the extent that such information is in the possession, custody or control of, or could be obtained through a reasonable effort by, Defendants.

8.     The Notice, together with the Proof of Claim and Release attached hereto as Exhibit A-3 (the "Proof of Claim and Release"), shall be sent to all Members of the Settlement Class who can reasonably be identified, by first class mail, postage prepaid, no later than twenty-one (21) business days from the date of this order (the "Notice Date").

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

4

9. No later than seven (7) business days following the Notice Date, Lead Counsel shall publish a summary form of notice in the form attached hereto as Exhibit A-2 (the "Summary Notice") in *The Wall Street Journal*.

10. No later than seven business days following the Notice Date, Lead Counsel shall include a copy of this Order, the Notice, the Summary Notice and the Proof of Claim and Release on the firm website of Izard Nobel LLP, www.izardnobel.com.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court preliminarily finds and concludes that the mailing, publication and electronic notification pursuant to paragraphs 8 - 10 hereof constitute the best notice practicable under the circumstances and provide due and sufficient notice of the matters set forth in the Notice to all Persons entitled to such notice. and that said notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and the requirements of due process and the United States Constitution. The Court further authorizes payment of Costs of Notice and Costs of Administration as further described in the Settlement Stipulation.

12. No less than seven (7) days before the date scheduled by this Court for the Settlement Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court and served upon Defendants' counsel affidavits or declarations of the Person(s) under whose general direction the (i) mailing of the Notice and Proof of Claim and Release shall have been made and (ii) the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

13.     Pursuant to the Notice, each nominee shall either: (1) send the Notice and Proof of Claim to Settlement Class Members for which they act as nominee by first class mail within ten (10) days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Settlement Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14.     Any Member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to the Claims Administrator no later than fourteen (14) days prior to the Settlement Hearing, in accordance with the Notice. A Request for Exclusion must state:  (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Applied Signal common stock made during the Settlement Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Settlement Class. All Persons who submit Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or the Judgment. The

1    Claims Administrator shall provide copies of any and all Requests for Exclusion to Lead

2    Counsel and Defendants' counsel, at least seven (7) days before the Settlement Hearing.

3         15.    Any Settlement Class Member who objects to the settlement of the

4    Litigation, the proposed Plan of Allocation, the application of Lead Counsel for attorneys'

5    fees, costs, and expenses, and/or the application for an award to Lead Plaintiff shall have

6    a right to appear and be heard at the Settlement Hearing.  Any Settlement Class Member

7    may enter an appearance through counsel of such member's own choosing and at such

8    member's own expense or may appear on their own.  However, no Settlement Class

9    Member shall be heard at the Settlement Hearing unless, on or before fourteen (14) days

10   prior to the Settlement Hearing, such Person has filed with the Court a written notice of

11   objection, and the grounds for opposing the Settlement, Plan of Allocation, or application

12   for attorneys' fees, costs and expenses and/or the application for an award to Lead

13   Plaintiff.  The written notice of objection must demonstrate the objecting Person's

14   membership in the Settlement Class including (a) the objecting Person's name, address

15   and telephone number; (b) the number of shares of Applied Signal common stock

16   purchased and sold during the Settlement Class Period by the objecting Person; and (c) a

17   statement of the reasons for objection.  The written notice of objection must be delivered

18   to the Court, Lead Counsel and counsel for Defendants.  The manner in which a notice of

19   objection must be prepared, filed, and delivered shall be stated in the Notice.  Only

20   Settlement Class Members who have filed and delivered valid and timely written notices

21   of objection will be entitled to be heard at the Settlement Hearing unless the Court orders

22   otherwise.

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

7

1    16.    Pending resolution of these settlement proceedings, Lead Plaintiff and all

2  other potential Settlement Class Members, whether directly, representatively, or in any

3  other capacity, whether or not such persons have appeared in the Litigation, shall not

4  institute or prosecute any claims against the Defendants or the Released Persons which

5
   have been or could have been asserted in the Litigation, or that arise out of all or any part
6
7  of the subject matter of this Litigation.

8    17.    A Settlement Hearing will be held before the undersigned on _____,

9  2009, at _____ a.m./p.m. in Courtroom #3, 3rd Floor, 1301 Clay Street, Suite 400 S,

10  Oakland, California 94612-5212 to determine (i) whether the proposed Settlement should

11
   be finally approved as fair, reasonable and adequate, and the Litigation therefore
12
13  dismissed on the merits with prejudice; (ii) whether the Fee and Expense Application and

14  the Lead Plaintiff's Expense Application should be approved; (iii) whether the Judgment

15  approving the Settlement should be entered; and (iv) whether Lead Counsel's proposed

16  Plan of Allocation should be approved.  The Court may adjourn or continue the

17  Settlement Hearing without further notice to Settlement Class Members.

18    18.    The Parties are hereby directed to file their briefs in support of the
19
   Settlement no later than seven (7) days before the Settlement Hearing.  Lead Counsel
20
21  shall file any papers they wish to submit in support of the Fee and Expense Application

22  and Lead Plaintiff's Expense Application no later than seven (7) days before the

23  Settlement Hearing.

24    19.    No Person that is not a Settlement Class Member or counsel for the

25  Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement

26  Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

27
   [Proposed] Order Preliminarily Approving Class Action Settlement
28  Master File No. C 05-1027(SBA)

20.     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

21.     No later than one hundred twenty (120) days after the Notice Date, any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim form to the Claims Administrator. Proof of Claim forms shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release. All other Proof of Claim and Release forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Persons as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. All Settlement Class Members who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered.

22.     Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation of the Settlement Fund submitted by Lead Counsel and it will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

24. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Settlement Class Members.

Signed this _____ day of _____, 2009.

BY THE COURT

_____

HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE

[EXHIBIT A-1]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA)<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |

**TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK (THE "SHARES") OF APPLIED SIGNAL TECHNOLOGY, INC. ("APPLIED SIGNAL") FROM AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, INCLUSIVE (THE "SETTLEMENT CLASS," OR, THE "SETTLEMENT CLASS PERIOD")**

## IMPORTANT

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.**

| 1.   Purpose of Notice |
|---|

The purpose of this Notice is to inform you of a proposed settlement of the Litigation as described below.  This Notice describes rights you may have under the proposed settlement and what steps you may take in relation to this Litigation.  This Notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by any party in this Litigation, or the fairness or adequacy of the proposed settlement.

| 2. | Notice of Settlement Hearing |
|----|------------------------------|

Pursuant to Federal Rule of Civil Procedure 23, and the ___, 2009 Order of the United States District Court, Northern District of California, Oakland Division, a hearing will be held on _____, 2009, at ___ a.m., before the Honorable Saundra Brown Armstrong, Courtroom #3, 3rd Floor, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212 (the "Settlement Hearing") to determine: (1) whether the settlement of the Litigation in the amount of $2,700,000, plus any accrued interest thereon should be approved as fair, reasonable, and adequate to the Settlement Class; (2) whether the proposed Plan of Allocation is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for the Settlement Class ("Lead Counsel") for an award of attorneys' fees, costs and expenses (the "Fee and Expense Award") and for an award to the Lead Plaintiff relating to his representation of the Settlement Class (the "Lead Plaintiff's Expense Award") should be approved; and (4) whether claims of the Settlement Class Members against the Defendants should be dismissed on the merits and with prejudice as set forth in the Stipulation of Settlement (the "Settlement Stipulation"), filed with the Court. To share in the distribution of the Settlement Fund, Settlement Class Members must establish their rights and submit the Proof of Claim and Release form accompanying this Notice on or before **[one hundred twenty (120) days after the Notice Date]**. If you desire to be excluded from the Settlement Class or to object to the Settlement, the Fee and Expense Award and/or Lead Plaintiff's Expense Award, you must submit a request for exclusion or file your objection by **[14 Days Before the Settlement Hearing]**.

| 3. | Summary of the Settlement |
|----|---------------------------|

*Recovery to the Settlement Class:* The aggregate amount of the Settlement Fund proposed to be distributed to the Class is $2,700,000 plus interest earned thereon and less the costs of notice to the Settlement Class, costs of administration of the Settlement Fund, taxes and tax expenses associated with the Settlement Fund, any amounts awarded by the Court to Lead Counsel for attorneys' fees and reimbursement of costs and expenses, and any amounts awarded by the Court to Lead Plaintiff. Lead Counsel estimates that the average recovery per damaged share of Applied Signal common stock under the Settlement is $0.60 per damaged share before deduction of Court-awarded attorneys' fees and expenses. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by the authorized claimant's claim as compared to the total recognized claims of all Settlement Class Members who submit acceptable Proofs of Claim and Release. Individual Settlement Class Members' actual recoveries under the Settlement will vary, depending upon when the Shares were purchased, the amount they paid for their Shares, the amount of proceeds they received, if any, if the Shares purchased during the Settlement Class Period were sold, when the Shares were sold, and the number of claimants who actually file Proofs of Claim and Releases.

*Potential Outcome of the Case:* The Parties disagree on both liability and damages and do not agree on the amount of damages per share that would be recoverable if Plaintiff were to have prevailed on each claim alleged. Among other things, the Parties do not agree on (i) whether Defendants made any misrepresentations during the

Settlement Class Period; (ii) whether Defendants had knowledge or were reckless with respect to any alleged misrepresentations made during the Settlement Class Period; (iii) whether any of the alleged misrepresentations caused the price of the Shares to be artificially inflated during the Settlement Class Period; (iv) whether any drops in the price of Shares during or after the Settlement Class Period were caused by the alleged misrepresentations; (v) the appropriate economic model for determining the amount of artificial inflation (if any) during the Settlement Class Period; (vi) the effect of various market forces influencing the trading price of the Shares at various times during the Settlement Class Period; and (vii) the extent to which external factors (such as industry conditions) influenced the trading price of the Shares during the Settlement Class Period. If the case went to trial, there is no guarantee that Lead Plaintiff would prevail on any of the claims presented.

*Attorneys' Fees, Costs and Expenses Sought:*  As compensation for their time and risk in prosecuting the Litigation on a contingent fee basis, Lead Counsel intend to apply to the Court for an award of attorneys' fees in an amount not to exceed thirty percent (30%) of the Settlement Fund (including interest accruing on the Settlement Fund).  Lead Counsel also intend to seek reimbursement of costs and expenses incurred on behalf of the Settlement Class not to exceed $55,000.00.  Lead Counsel also intends to apply for an award relating to the Lead Plaintiff's representation of the Settlement Class. If the amounts requested by Lead Counsel for fees, costs and expenses are approved by the Court, the average cost per damaged share for these amounts will be approximately $0.194.

*Identification of Lawyers' Representatives:*  The following representatives of Lead Counsel are available to answer questions from Settlement Class Members about any matter contained in this Notice:  Jeffrey S. Nobel of Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107, Tel. (860) 493-6292.

*Reasons for Settlement:*  Lead Counsel believes that the claims asserted in the Litigation have merit and that the information obtained and examined by Lead Counsel supports the claims asserted. However, Lead Counsel recognizes that there are significant risks, uncertainty, and expense in proceeding with the Litigation through trial and any appeals.  Lead Counsel is also mindful of the inherent problems of proof under, and possible defenses to, federal securities law claims.  Lead Counsel believes that the Settlement confers substantial benefits upon the Settlement Class and each Settlement Class Member.  Lead Plaintiffs and Lead Counsel have determined that a recovery now will provide an immediate benefit to Settlement Class Members, which is superior to the risk of proceeding with the Litigation.  As a result of these considerations, and based upon extensive arms-length settlement negotiations with Defendants' Counsel, Lead Plaintiffs and Lead Counsel have determined that the Settlement is in the best interests of the Lead Plaintiffs and the Settlement Class and each Settlement Class Member.

The Defendants do not believe that claims and contentions alleged by Lead Plaintiffs on behalf of the Settlement Class have merit. Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon

the terms and conditions set forth in the Settlement Stipulation in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.

The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Settlement Stipulation. The Defendants enter into the Settlement Stipulation and Settlement without in any way acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court or otherwise against any of the Defendants on the merits of the claims asserted by Lead Plaintiffs. The Defendants enter into the Settlement Stipulation and Settlement based upon, among other things, the parties' agreement that, to the fullest extent permitted by law, neither the Settlement Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by any of the Defendants or any of their respective Related Entities or any other matter adverse to any of the Defendants or any of their respective Related Entities, except as expressly set forth in the Settlement Stipulation.

### 4.   Summary of the Litigation

*Nature of the Litigation:*   This is a securities class action (the "Litigation") brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, alleging that Defendants made materially false or misleading public statements either knowingly or with deliberate recklessness.

*Definition of the Settlement Class:*   The suit is brought on behalf of all persons who purchased the common stock of Applied Signal Technology, Inc. ("Applied Signal") during the period from August 25, 2004 through February 22, 2005, inclusive, with the exception of the following excluded Persons:   Defendants, the Company's employees, officers, directors, members of Defendants' immediate families; any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary; and the legal representatives, heirs, successors or assigns of any excluded Person..

*Identity of Defendants:*   Defendants are Applied Signal and Gary Yancey and James Doyle, who were the CEO and CFO of Applied Signal (respectively) during the Settlement Class Period.

*Class Claims:*   On August 12, 2005, Lead Plaintiff filed a Consolidated Amended Class Action Complaint (the "Complaint").   The Complaint alleged that during the Settlement Class Period, Defendants issued false and misleading statements concerning the amount of the Company's backlog, that these statements artificially inflated Applied Signal's stock price, and that subsequent disclosures caused Applied Signal's stock price to decline, injuring the Settlement Class.

***History of the Litigation:***  The Litigation was commenced in March of 2005.  By an Order dated July 13, 2005, the Court appointed Frank Whiting as Lead Plaintiff and approved Lead Plaintiff's selection of Schatz & Nobel, P.C. (now Izard Nobel LLP) as Lead Counsel.  On August 12, 2005, Lead Plaintiff filed the Complaint, and Defendants filed a Motion to Dismiss.  On February 6, 2006, the District Court (Armstrong, *J.*) dismissed the Complaint with prejudice, and denied the pending Motion for Class Certification as moot.  Plaintiff appealed the dismissal, and on June 5, 2008 the 9th Circuit reversed the District Court's ruling.  Defendants subsequently filed an Answer to the Complaint, and the parties then commenced discovery.

***How the Settlement Was Achieved:***  The Settlement was the result of arms-length settlement negotiations.  After four years of litigation counsel for the parties conferred and agreed to explore the possibility of settlement through mediation.  On January 31, 2009, the parties participated in a full-day mediation session before the Honorable Daniel Weinstein (Ret.) in New York City, during which factual and legal presentations were made by counsel concerning, *inter alia,* the merits of the factual and legal claims asserted in the Litigation and size of potential damages to the Settlement Class, if any.  Following the mediation session, the Parties agreed in principle upon the terms of the Settlement, upon the recommendation of Judge Weinstein.  On March 26, 2009, counsel for the parties executed the written Settlement Stipulation, and on ___, 2009, the Court, *inter alia*, certified a class for settlement purposes only, as defined above, preliminarily approved the fairness, reasonableness and adequacy of the Settlement and scheduled the Settlement Hearing.

Before entering into of the Settlement, Plaintiff's Counsel conducted extensive factual and legal research and investigation, including: (1) consultation with experts on issues concerning the damages that may have been suffered by Plaintiff and the Settlement Class; (2) consultation with witnesses and potential witnesses concerning the allegations in the Complaint; (3) analysis of analyst reports, newspaper articles, public filings, press releases, and other public statements by and about Applied Signal; (4) research of the applicable law with respect to the claims asserted against Defendants, and the potential defenses thereto; and (5) review and analysis of internal Applied Signal documents produced by Defendants to Plaintiff's Counsel.

## 5.   Key Terms of the Settlement

***What you get:***  Under the terms of the Settlement Stipulation, Defendants and their insurers have agreed to make payment of $2,700,000 in cash to create a Settlement Fund.  After payment of (i) the costs of notice, and the costs of administering and distributing the Settlement Fund, including any taxes payable or tax expenses and (ii) the attorneys' fees, costs and reimbursement of expenses awarded by the Court, and any amounts awarded by the Court to Lead Plaintiff, the balance of the Settlement Fund, together with any interest earned thereon (the "Net Settlement Fund"), shall be distributed to the Settlement Class in accordance with the Plan of Allocation described below.

*What you give up:* Under the terms of the Settlement Stipulation, you, and all members of the Settlement Class who do not request to be excluded from the Settlement – regardless of whether you submit a proof of claim and release – will be deemed to have released all claims, whether known or unknown, which are based upon or related to the purchase of APSG common stock during the Settlement Class Period, against any and all of the Defendants and persons and entities related to them. The complete terms of the Release are set forth in the attached Proof of Claim and Release form.

*Conditions:* The Settlement is conditioned upon, among other things: (1) entry of the Judgment by the Court as provided for in the Settlement Stipulation; and (2) expiration of the time to appeal from the Judgment. If any one of the conditions described in the Settlement Stipulation is not met, the Settlement Stipulation might be terminated and, if terminated, will become null and void, and shall not prejudice the rights, claims, defenses or positions of any Party to the Stipulation.

| 7. Your Options |
|---|

If you are one of the Persons falling within the definition of the Settlement Class (a "Settlement Class Member"), you will remain a Settlement Class Member unless you elect to be excluded from the Settlement Class by the procedure described below. All Settlement Class Members who do not request to be excluded from the settlement will be bound by any judgment entered in the Litigation pursuant to the Settlement Stipulation, whether or not that Person files a Proof of Claim and Release and whether or not that Person receives a distribution from the Net Settlement Fund. If you wish to remain a Settlement Class Member, you need do nothing (other than timely file a Proof of Claim and Release in order to participate in the distribution of the Net Settlement Fund) and your rights will be represented by Lead Counsel. If you wish, you may enter a legal appearance individually or through your own counsel at your own expense.

TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY AND VALIDLY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release ("Proof of Claim and Release") must be postmarked and delivered to the Claims Administrator at the address below on or before **[one hundred twenty (120) days after the Notice Date]**.

The following is a summary of your options and how to exercise them:

**SUBMIT A CLAIM FORM:** If you submit a claim and release form, you will be eligible to share in distribution of the Net Settlement Fund, and you will be bound by the judgment. To exercise this option, you must fully complete and timely mail a "Proof of Claim and Release" form to the Claims Administrator by no later than **[DATE 120 days after Notice Date]**. NOTE: The Proof of Claim and Release Form is attached to this Notice, and can also be downloaded from www.izardnobel.com. Copies of supporting documents must be submitted with your Proof of Claim and Release Form. Please follow all instructions to ensure that your filing is complete. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release Form, you will be forever

barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Settlement and the Judgment.

**OBJECT:** If you wish to participate in the Settlement, but object to some of the terms of the Settlement, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application, you may send an objection in writing to the Court. The court will consider any objection you present with respect to the Settlement, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application. If the Court nonetheless approves the Settlement, you will be bound by judgment, however, you also will be entitled to participate in distribution of the Net Settlement Fund so long as you timely filed a Proof of Claim and Release form. To exercise this option, you must send a letter saying that you object to the Settlement in *In re Applied Signal Technology, Inc. Securities Litigation,* Master File No. C 05-1027 (SBA). Include your name, address, telephone number, your signature, the number of shares of Applied Signal common stock purchased during the Class Period, and the reasons you object to the Settlement. To be considered, *any objection to the Settlement must be postmarked by no later than [14 days before the Settlement Hearing]* and sent to the Court and to counsel for the parties at the following addresses:

*Court:*
Clerk of the Court
UNITED STATES OF DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States Courthouse
1301 Clay Street, Suite 400 S
Oakland, California 94612-5212

*Class Counsel:*
Jeffrey S. Nobel
Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107

*Counsel for all Defendants:*
David Priebe
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2248

You may also appear at the Court's Settlement Hearing either in person or through counsel, but you are not required to do so. Only members of the Settlement Class who have properly submitted written notices of objection in the manner set forth below will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

**EXCLUDE YOURSELF FROM THE SETTLEMENT:** The Court will exclude you from the Settlement Class upon your written request. If you file a request for exclusion from the Settlement, you will have no rights under the Settlement Stipulation, and you will not share in the distribution of the Net Settlement Fund. However, you will not be bound by the Settlement Stipulation or the Judgment. To exercise this option, you must mail a written request asking to be excluded from the Settlement Class to: Applied Signal Inc. Securities Litigation Claims Administrator, c/o FRG Information Systems Corp., P.O. Box 460, Peck Slip Station, New York, NY 10272. The request for exclusion must state: (1) your name, address, and telephone number; (2) the name and address of the Person (or nominee) in whose

name the Applied Signal Shares were registered; (3) your purchases and sales of Applied Signal Shares made during the Settlement Class Period, including the dates, amounts of Shares and price for each such purchase or sale; and (4) that you wish to be excluded from the Settlement Class. *Your written exclusion request must be postmarked, or your electronic exclusion request must be submitted, on or before [14 days before the Settlement Hearing].*

**DO NOTHING:** If you do nothing, you will have no rights under the Settlement Stipulation. You will not share in the distribution of the Net Settlement Fund, but you *will* be bound by the Judgment, and you will be deemed to have released your claims against the Defendants

## 7.   Plan of Allocation

After the costs, fees and expenses described above have been paid, the balance of the Settlement (the "Net Settlement Fund") will be distributed to all Settlement Class Members who submit a valid, timely Proof of Claim and Release ("Authorized Claimants"). To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to his or her "Recognized Loss" as described below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall receive a pro rata share. Payment of claims in accordance with this Plan of Allocation is considered to conclusively resolve the claims of all Authorized Claimants.

However, if you made a profit on a sale of Applied Signal common stock purchased during the Settlement Class Period (*i.e.*, the sales price per share of Applied Signal common stock was higher than the purchase price per share of Applied Signal common stock), then the Recognized Loss for those shares of common stock is zero, and any such profits will be offset against the Recognized Loss, if any, from any other Settlement Class Period purchases of Applied Signal common stock. For purposes of calculating Recognized Loss, Settlement Class Period sales of Applied Signal common stock will be matched against and offset the most recent prior Settlement Class Period purchases of Applied Signal common stock on a first-in, first-out ("FIFO") basis. However, for the purpose of calculating Recognized Loss, the "sale price" of Applied Signal common stock purchased during the Settlement Class Period and not sold as of the close of trading on February 22, 2005, is considered to be $23.24, regardless of when (or whether) the Shares were subsequently sold or for how much they were sold. In no event shall there be any Recognized Loss arising out of transactions by Settlement Class Members in which Applied Signal stock was "sold short."

Your "Recognized Loss" is the amount of your actual loss that can be traced to the declines in the price of Applied Signal shares following disclosures Plaintiff alleged to be related to Defendants' alleged misconduct – disclosures that took place on September 9, 2004, December 21, 2004, and February 22, 2005.

The amount of an Authorized Claimant's Recognized Loss shall be determined as follows:

(a)     For each share of Applied Signal common stock *purchased between August 25, 2004 and September 9, 2004, inclusive* and

(i)     sold on or before September 9, 2004, the Recognized Loss per share is $0.

(ii)    sold between September 10, 2004, and December 21, 2004, inclusive, for a loss, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and the sales price, or (2) $4.67.

(iii)   sold between December 22, 2004, and February 22, 2005, inclusive, for a loss, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and the sales price, or (2) $6.15.

(iv)   not sold as of the close of trading on February 22, 2005, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and $23.24 or (2) $10.43.

(b)    For shares of Applied Signal common stock *purchased between September 10, 2004, and December 21, 2004, inclusive* and

(i)     sold on or before December 21, 2004, the Recognized Loss per share is $0.

(ii)    sold between December 22, 2004, and February 22, 2005, inclusive, for a loss, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and the sales price, or (2) $1.48.

(iii)   not sold as of the close of trading on February 22, 2005, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and $23.24 or (2) $5.76.

(c)    For shares of Applied Signal common stock *purchased between December 22, 2004, and February 22, 2005, inclusive,* and

(i)     sold on or before February 22, 2005, the Recognized Loss per share is $0.

(ii)    not sold as of the close of trading on February 22, 2005, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and $23.24 or (2) $4.28.

(d)    There is no Recognized Loss for losses on short sales of Applied Signal common stock.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class member on equitable grounds.

## 8.   Dismissal and Releases

If the proposed Settlement is approved, the Court will enter a Judgment (the "Judgment"), dismissing all Released Claims against the Released Persons (as defined in the Stipulation of Settlement and in the Proof of Claim and Release which accompanies

this Notice), and Settlement Class Members may not thereafter assert any of such claims against the Released Persons. The Judgment will provide that the fact of the Settlement or the terms thereof may not be used against Released Persons in any action or proceeding, except to enforce the Judgment.

The Judgment will also provide that all Settlement Class Members who do not validly and timely request to be excluded from the Settlement Class shall be deemed to have released and forever discharged all Released Claims against all Released Persons.

## 9.   Examination of Papers

For additional details concerning the Settlement, you may desire to review the Settlement Stipulation filed with the Court, which may be inspected at the office of the Clerk of the United States District Court, Northern District of California, Oakland Division, United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212, during business hours. The Settlement Stipulation is also available at www.izardnobel.com. If you have any questions about the settlement of the Litigation, you may contact Lead Counsel or your own personal attorney.

INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT OR TO THE CLERK OF THE COURT OR TO THE DEFENDANTS

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES:**

If you purchased any publicly-traded common stock of Applied Signal during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by first class mail to all such Persons, or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

Applied Signal Communications, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain (without cost to you) as many additional copies of these documents as you will need to complete the mailing from the Claims Administrator.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred in connection with forwarding the Notice and Proof of Claim and Release, and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release.

Dated: _____, 2009

By Order of the United States
District Court, Northern District of
California

[EXHIBIT A-2]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br><br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **SUMMARY NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |

TO:ALL PERSONS WHO PURCHASED THE COMMON STOCK OF APPLIED SIGNAL TECHNOLOGY, INC. ("APPLIED SIGNAL") FROM AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, INCLUSIVE (THE "SETTLEMENT CLASS")

You are hereby notified, pursuant to Court Order, that a hearing will be held on

____, 2009, at ___a.m., before the Honorable Saundra Brown Armstrong, at Courtroom

#3, 3rd Floor, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212 (the

"Settlement Hearing") to determine: (1) whether the settlement of the Litigation in the

amount of $2,700,000 (the "Settlement") should be approved as fair, reasonable, and

adequate to the Settlement Class; (2) whether the proposed Plan of Allocation is fair,

reasonable, and adequate; (3) whether the application of Lead Counsel for the Settlement

Class ("Lead Counsel") for an award of attorneys' fees, costs and expenses (the "Fee and

Expense Application") and for an award to Lead Plaintiff relating to his representation of the Settlement Class ("Lead Plaintiff's Expense Application") should be approved; and (4) whether the Litigation and the claims of the Members of the Settlement Class against the Defendants should be dismissed on the merits and with prejudice as set forth in the Stipulation of Settlement (the "Settlement Stipulation"), filed with the Court.

If you purchased Applied Signal common stock during the period from August 25, 2004, through February 22, 2005, inclusive, your rights may be affected by the proposed settlement and release of claims, as set forth in the Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing (the "Notice"). To share in the distribution of the Settlement Fund, Members of the Settlement Class must establish their rights and submit the Proof of Claim and Release form accompanying the Notice on or before **[120 days after the Notice Date]**.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion by **[14 days before the Settlement Hearing]** in the manner and form explained in the detailed Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Settlement Stipulation between the parties.

Any objection to the Settlement, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application must be filed with the clerk of the Court no later than **[14 days before the Settlement Hearing]** (at the address listed below), and served upon each of the law firms below:

Clerk of the United States District Court
Northern District of California, Oakland Division
United States Courthouse
1301 Clay Street, Suite 400 S

Oakland, California 94612-5212

**Class Counsel:**
Jeffrey S. Nobel
Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107

**Counsel for all Defendants:**
David Priebe
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2248

If you are a member of the Settlement Class and have not yet received the Notice,

you may obtain a copy by visiting www.izardnobel.com or by writing to:

Applied Signal Technology, Inc., Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

For further information, you may also contact a representative of Lead Counsel: Jeffrey

S. Nobel of Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107,

Tel. (860) 493-6292.

PLEASE DO NOT TELEPHONE THE COURT, THE CLERK'S OFFICE OR

DEFENDANTS REGARDING THIS NOTICE.

Dated: _____, 2009

By Order of the United States
District Court, Northern District of
California

[EXHIBIT A-3]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br><br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | **PROOF OF CLAIM AND RELEASE** |

**TO: ALL PERSONS WHO PURCHASED THE COMMON STOCK (THE "SHARES") OF APPLIED SIGNAL TECHNOLOGY, INC. ("APPLIED SIGNAL") FROM AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, INCLUSIVE (THE "SETTLEMENT CLASS," OR, THE "SETTLEMENT CLASS PERIOD")**

If you purchased Applied Signal common stock during the period described above, have not requested exclusion from the Settlement Class and are not a Defendant, one of the Company's employees, officers, directors, members of Defendants' immediate families; any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary, or the legal representative, heir, successor or assign of any such person or entity, you should read the accompanying Notice of Pendency and Proposed Settlement of Class Action ("Notice") and complete this Proof of Claim and Release Form.

## GENERAL INSTRUCTIONS

1.      In order to receive any payments to which you may be entitled as a member of the Settlement Class in the consolidated action entitled *In re Applied Signal Technology, Inc.*, Master File No. C 05-1027 (SBA) (the "Litigation"), you must complete and, on page _ hereof, sign this Proof of Claim and Release (the "Proof of Claim and Release"). If you fail to submit a properly addressed Proof of Claim and Release (as set forth in Paragraph 3 below), your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE TO THE CLAIMS ADMINISTRATOR POSTMARKED ON OR BEFORE **[120 days after the Notice Date]**, ADDRESSED AS FOLLOWS:

Applied Signal Technology, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

4.      If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed settlement, you will be bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

5.      If you are NOT a member of the Settlement Class (as defined in the enclosed Notice), DO NOT submit a Proof of Claim and Release.

## CLAIM FORM

1.      If you purchased Applied Signal common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased these securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser and, if different, each purchaser of record, of Applied Signal common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS OR THE LEGAL

REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this form on behalf of Persons represented by them and documentation establishing their authority must accompany this claim and their titles and capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      A claimant whose stock was held in a custodian account under a Uniform Gift to Minors Act ("UGMA"), may file in his or her own name, if he or she is now of age.  In this event, the former custodian does not have to sign the Proof of Claim. Custodians under the UGMA should identify themselves as beneficial purchasers, not nominees (e.g., John Smith, Custodian for Jack Smith UGMA). In this instance, use the minor's Social Security Number.

5.      Corporate officers or partners filing for a claimant corporation or partnership should fill in the name of the entity as the beneficial purchasers, and sign their names and titles where indicated on the signature page.

6.      Use Part II, Sections A, B and C of this form entitled "Schedule of Transactions in Shares of Applied Signal Common Stock" to supply all required details of your transaction(s) in the Applied Signal common stock. On the schedules, provide all of the requested information with respect to (i) the number of Applied Signal Shares you owned at the close of trading on August 24, 2004; (ii) *all* of your purchases and *all* of your sales of Applied Signal Shares which took place from August 25, 2004, through February 22, 2005, inclusive (the "Settlement Class Period"), regardless of whether such transactions resulted in a profit or loss; and (iii) the number of Applied Signal Shares you owned after the close of trading on February 22, 2005.  Failure to report all such transactions may result in the rejection of your claim.

7.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

8.      Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of Applied Signal Shares should be excluded in computing the "total purchase price" and the "total sales price."

9.      Brokers' confirmations or other documentation of your transactions in Applied Signal Shares should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*In re Applied Signal Technology, Inc. Securities Litigation,*
Master File No. C 05-1027 (SBA)

**PROOF OF CLAIM AND RELEASE**

Must Be Postmarked No Later Than:
**[120 days after Notice Date]**

Please Type or Print

**PART I:      CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last) _____

Joint Beneficial Owner's Name (First, Middle, Last) _____

Street Address _____

City _____      State _____      Zip Code _____

Foreign Province _____      Foreign Country _____

_____      Corporation/Other _____ Individual
Social Security Number or
Tax Identification Number

(_____)_____      (_____)_____
Area Code  Telephone Number (work)      Area Code  Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

**PART II:   SCHEDULE OF TRANSACTIONS IN SHARES OF Applied Signal COMMON STOCK**

A. NUMBER OF SHARES OF Applied Signal COMMON STOCK OWNED AT THE CLOSE OF TRADING ON AUGUST 24, 2004: _____ (must be documented)

B. PURCHASES OF SHARES OF Applied Signal COMMON STOCK DURING THE SETTLEMENT CLASS PERIOD (AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, inclusive):

| Trade Date(s) Month/Day/Year | Number of Shares Purchased | Total Purchase Price (excluding commissions, transfer taxes or other fees) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

C. SALES OF SHARES OF Applied Signal COMMON STOCK DURING THE SETTLEMENT CLASS PERIOD (AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, inclusive)

| Trade Date(s) Month/Day/Year | Number of Shares Sold | Total Sales Price (excluding commissions, transfer taxes or other fees) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

D.     NUMBER OF SHARES OF Applied Signal COMMON STOCK HELD AT THE CLOSE OF TRADING ON FEBRUARY 22, 2005: _____ (must be documented).

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN RELEASE ON PAGE _.**

### PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court, Northern District of California, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein and any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Shares of publicly-traded Applied Signal common stock during the Settlement Class Period and know of no other Person having done so on my behalf. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Litigation.

I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so

### PART IV: RELEASE

A. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Persons from any and all Released Claims (including Unknown Claims).

B. The terms used in this release are defined below:

1.     "Released Claims" means all claims, known or unknown (including "Unknown Claims"), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether in contract, tort, equity or otherwise, whether or not concealed or hidden, asserted or that might have been asserted in this or any other forum or proceeding, including, without limitation, claims for negligence, gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, mismanagement, corporate waste, breach of contract, or violations of any state or federal statutes, rules or regulations, by or on behalf of Lead Plaintiff, the Settlement Class, or any Settlement Class Member against the Released Persons which are based upon or related to the purchase of Applied Signal common stock by any Settlement Class Member during the Settlement Class Period and the facts, transactions, events,

occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation, or any other forum.

2.      "Unknown Claims" means any Released Claim which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff shall expressly waive, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign country or jurisdiction, or principle of common law, which are similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

3.      "Released Persons" means the Defendants and their respective Related Parties.

4.      "Related Parties" means all of each Defendant's past, present, and future employers, affiliated or parent companies, subsidiaries, predecessors and successors, any entity in which a Defendant and/or any member(s) of any Defendant's immediate family has or have a controlling interest, agents, accountants, auditors, banks, investment banks

or investment bankers, advisors, analysts, personal or legal representatives, insurers, co-insurers, reinsurers, attorneys, spouses, associates, successors, assigns, creditors, administrators, heirs, joint ventures, legal representatives, any members of their immediate families, or any trust of which any Defendant is the trustee or settlor or which is for the benefit of any Defendant and/or member(s) of his family. Related Parties shall also include, for each entity identified in the previous sentence, all of such entities past or present directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, any entity in which such entity has or have a controlling interest, attorneys, accountants, auditors, banks, investment banks or investment bankers, advisors, analysts, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, associates, and related or affiliated entities.

5.      "Defendants" means Defendants Applied Signal Technology, Inc., Gary Yancey and James Doyle.

6      "Shares" means the publicly-traded common stock issued by Applied Signal Technology, Inc.

C.      This Release shall be of no force and effect unless and until the Court approves the Stipulation of Settlement (the "Settlement Stipulation") and the Settlement Stipulation becomes effective as to all Released Persons as of the Effective Date (as defined in the Settlement Stipulation).

## PART V: REPRESENTATIONS

A.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

B.      I (We) hereby warrant and represent that I (we) have included information about all of my transactions in Applied Signal Shares with regard to (i) the number of Shares of Applied Signal owned by me at the close of trading on August 24, 2004; (ii) all of my purchases of Shares of Applied Signal common stock which took place from August 25, 2004 through February 22, 2005, inclusive; (iii) all of my sales of Shares of Applied Signal common stock, which took place from August 25, 2004 through February 12, 2005, inclusive; and (iv) the number of Shares of Applied Signal common stock held by me at the close of trading on February 22, 2005.

C.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct

and that this Proof of Claim and Release form was executed this _____ day of
_____ in _____.

_____    _____
(Month) (Year)                          (City, State,
                                                    Country)


_____
(Signature of Claimant)


_____
(Type or print your name here)


_____
(Signature of Joint Claimant, if
any)


_____
(Type or print your name here)


_____
(Capacity of persons signing, e.g.,
Beneficial
Purchaser, Executor of
Administrator)


**ACCURATE CLAIMS PROCESSING**
**TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the Proof of Claim and Release.

2.   Remember to attach supporting documentation.

3.   Do not send original or copies of stock certificates.

4.   If you move, please send your new address to the address above.

5.   Please keep a copy of your claim form for your records.

6.   If you have any questions concerning this Proof of Claim and Release, contact the Claims Administrator at:

Applied Signal Technology, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

1

**[EXHIBIT B]**

2

3
JEFFREY S. NOBEL (*jnobel@izardnobel.com*)
MARK P. KINDALL (Bar #138703) (*mkindall@izardnobel.com*)
**IZARD NOBEL LLP**

4
29 South Main Street, Suite 215
West Hartford, CT  06107

5
Tel: (860) 493-6292 |  Fax:  (860) 493-6290

6
ALAN R. PLUTZIK (Bar #077785)
(*APlutzik@bramsonplutzik.com*)

7
ARAM S. DURPHY (Bar #228948)
(*ADurphy@bramsonplutzik.com*)

8
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
2125 Oak Grove Road, Suite 120

9
Walnut Creek,  CA 94598
Tel:  (925) 945-0200

10

11
*Attorneys for Lead Plaintiff*

12
SHIRLI FABBRI WEISS (Bar #079225)
(*shirli.weiss@dlapiper.com*)

13
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100

14
San Diego, CA 92121-2133

15
Tel: (858) 677-1400 | Fax:  (858) 677-1477

16
DAVID PRIEBE (Bar #148679) (*david.priebe@dlapiper.com*)
**DLA PIPER LLP (US)**

17
2000 University Avenue
East Palo Alto, CA 94303-2248

18
Tel:  (650) 833-2000 | Fax:  (650) 833-2001

19

20
*Attorneys for Defendants*

21

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

22

23
IN RE APPLIED SIGNAL
TECHNOLOGY, INC. SECURITIES
LITIGATION

24

25
THIS DOCUMENT RELATES TO:

26
ALL ACTIONS

MASTER FILE NO. C 05-1027 (SBA)

CLASS ACTION

**[PROPOSED] FINAL JUDGMENT**
**OF DISMISSAL WITH PREJUDICE**

27

28
[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

1

This matter came on for hearing on ___, 2009, upon the Joint Motion of the Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of _____, 2009 (the "Settlement Stipulation"). Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Stipulation, all papers filed and proceedings had herein and all comments received regarding the proposed settlement, and having reviewed the entire record in the Litigation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     The Court, for purposes of this Final Judgment of Dismissal With Prejudice (the "Judgment"), adopts all defined terms set forth in the Settlement Stipulation and incorporates the terms of the Settlement Stipulation by reference herein.

2.     The Court has jurisdiction over the subject matter of the above-captioned Litigation (the "Litigation"), and has personal jurisdiction over Lead Plaintiff, the other Members of the Settlement Class, and the Defendants.

3.     The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, Proof of Claim and Release, and publication of the Summary Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing, as provided for in the Order Preliminarily Approving Settlement, Directing Notice and Scheduling Hearing Date, constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

2

Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), due process and the United States Constitution.

4.    The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Settlement Stipulation and its exhibits.

5.    With respect to the Settlement Class, this Court finds and concludes that, for purposes of the Settlement only, that the prerequisites to a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law or fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.    This Court hereby certifies, for the purposes of this Settlement, a Settlement Class of all Persons who purchased the common stock of Applied Signal Technology, Inc. during the period between August 25, 2004 and February 22, 2005, inclusive, with the exception of the following excluded Persons:    Defendants, the

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

3

Company's employees, officers, directors, members of Defendants' immediate families, any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary, those Persons who timely and validly requested exclusion from the Settlement Class (identified in Exhibit 1 hereto); and the legal representatives, heirs, successors or assigns of any such excluded Person.

7.     The Court appoints Lead Plaintiff Frank Whiting as representative of the Settlement Class; and

8.     The Court appoints Izard Nobel LLP as Lead Counsel for the Settlement Class and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison Counsel for the Settlement Class.

9.     After hearing and based upon the submission of Lead Counsel, this Court hereby approves the Settlement, as set forth in the Stipulation, each of the releases, and other terms, as fair, reasonable, and adequate to the Settlement Class and the Settlement Class Members.  The Parties to the Settlement Stipulation are therefore hereby directed to consummate and perform its terms.

10.    Except as to any individual claim of those Persons, if any (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to Lead Plaintiff and the other Members of the Settlement Class, and as against the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.  By operation of the Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude, and shall preclude, Lead Plaintiff and all other Settlement Class

1   Members from filing or pursuing any Released Claims under federal law or the law of

2   any state.

3       11.     Upon the Effective Date, Lead Plaintiff shall release and each Settlement

4   Class Member shall be deemed to have, and by operation of the Judgment shall have,

5   fully, finally, and forever released, relinquished and discharged all Released Claims

6   (including "Unknown Claims") against each and all of the Released Persons, whether or

7

8   not such Settlement Class Member executes and delivers the Proof of Claim and Release.

9       12.     Upon the Effective Date, each of the Defendants shall be deemed to have,

10  and by operation of the Judgment shall have, fully, finally, and forever released,

11  relinquished and discharged all Plaintiffs, the Settlement Class Members and all

12  Plaintiffs' Counsel, from all claims arising out of, relating to, or in connection with the

13

14  institution, prosecution, assertion, or resolution of the Litigation or the Released Claims.

15      13.     Upon the Effective Date, all Plaintiffs, the Settlement Class Members, and

16  all Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall

17  have, fully, finally, and forever released, relinquished and discharged the Released

18  Persons from all claims arising out of, relating to, or in connection with the defense, or

19  resolution of the Litigation or the Released Claims.

20

21      14.     All Settlement Class Members are permanently barred and enjoined from

22  instituting or prosecuting, in any capacity, any action or proceeding that involves or

23  asserts any of the Released Claims.

24      15.     Only those Settlement Class Members filing valid and timely Proofs of

25  Claim and Release shall be entitled to participate in the Settlement and receive a

26  distribution from the Settlement Fund. The Proof of Claim and Release to be executed by

27

28  [Proposed] Final Judgment of Dismissal with Prejudice
    Master File No. C 05-1027(SBA)

the Settlement Class Members shall further release all Released Claims against the Released Persons. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

16.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any Settling Party for any purpose except as provided in this ¶ 16. Released Persons may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties, their respective counsel or any other Member of the Settlement Class may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

17.    Only those Settlement Class Members identified in Exhibit 1 hereto as having validly filed Requests for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order of Dismissal.

18.     Without affecting the finality of this Judgment, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Settlement Stipulation and Settlement.

19.     Any order, or any objection to or appeal from any order, approving the Plan of Allocation, Fee and Expense Application, or the Lead Plaintiff's Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Final Judgment.

20.     The Court finds that the Lead Plaintiff and Defendants, and their respective counsel, have, at all times during the course of the Litigation, complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Court finds that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties.

21.     It is expressly determined, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and the entry of this Judgment is hereby expressly directed.

Signed this _____ day of _____, 2009.

BY THE COURT

_____
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE