1  JEFFREY S. NOBEL (*jnobel@izardnobel.com*)
   MARK P. KINDALL (Bar #138703) (*mkindall@izardnobel.com*)
2  **IZARD NOBEL LLP**
   29 South Main Street, Suite 215
3  West Hartford, CT 06107
   Tel: (860) 493-6292 | Fax: (860) 493-6290
4
5  ALAN R. PLUTZIK (Bar #077785)
   (*APlutzik@bramsonplutzik.com*)
6  **BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
   2125 Oak Grove Road, Suite 120
7  Walnut Creek, CA 94598
   Tel: (925) 945-0200
8
9  *Attorneys for Lead Plaintiff*
10 SHIRLI FABBRI WEISS (Bar #079225)
   (*shirli.weiss@dlapiper.com*)
11 **DLA PIPER LLP (US)**
   4365 Executive Drive, Suite 1100
12 San Diego, CA 92121-2133
   Tel: (858) 677-1400 | Fax: (858) 677-1477
13
14 DAVID PRIEBE (Bar #148679) (*david.priebe@dlapiper.com*)
   **DLA PIPER LLP (US)**
15 2000 University Avenue
   East Palo Alto, CA 94303-2248
16 Tel: (650) 833-2000 | Fax: (650) 833-2001
17
   *Attorneys for Defendants*
18
                  **UNITED STATES DISTRICT COURT**
19        **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

20 | IN RE APPLIED SIGNAL | MASTER FILE NO. C 05-1027 (SBA) |
21 | TECHNOLOGY, INC. SECURITIES LITIGATION | |
22 | | CLASS ACTION |
23 | THIS DOCUMENT RELATES TO: | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING HEARING DATE** |
24 | ALL ACTIONS | |
25
26
27 ───────────────────────────────
   [Proposed] Order Preliminarily Approving Class Action Settlement
28 Master File No. C 05-1027(SBA)
                          1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 26, 2009 (the "Settlement Stipulation") that has been entered into by the Lead Plaintiff and the Defendants, and

WHEREAS, the Court has reviewed the Settlement Stipulation and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1.       For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Stipulation.

2.       The Court hereby preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing.

3.       The Court preliminarily finds, for purposes of the Settlement only, that the prerequisites to a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law or fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Accordingly, pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby:

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(i)     preliminarily certifies, for the purposes of this Settlement, a

Settlement Class of all Persons who purchased the common stock of Applied

Signal Technology, Inc. ("Applied Signal") during the period between August 25,

2004 and February 22, 2005, inclusive, with the exception of the following

excluded Persons: Defendants, the Company's employees, officers, directors,

members of Defendants' immediate families; any entity in which any Defendant

has a controlling interest or which the Company is a parent or subsidiary; those

Persons who timely and validly request exclusion from the Settlement Class

pursuant to the Notice of Pendency and Proposed Settlement of Class Action and

Settlement Hearing ("Notice") to be sent to the Settlement Class; and the legal

representatives, heirs, successors or assigns of any excluded Person;

(ii)     preliminarily appoints Lead Plaintiff Frank Whiting as

representative of the Settlement Class; and

(iii)     preliminarily appoints Izard Nobel LLP as Lead Counsel for the

Settlement Class and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison

Counsel for the Settlement Class.

4.     For purposes of the Settlement only, Lead Counsel is authorized to act on

behalf of the Settlement Class with respect to all acts required by, or which may be given

pursuant to, the Stipulation or such other acts which are reasonably necessary to

consummate the proposed Settlement set forth in the Stipulation.

5.     Subject to the terms of the Settlement Stipulation and direction of the

Court, Lead Counsel is hereby approved and authorized to act as Escrow Agent and the

firm of FRG Information Systems Corp., is hereby appointed as Claims Administrator to

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

3

1   supervise and administer the Notice procedure as well as the proving of claims in

2   accordance with the Settlement Stipulation.

3       6.      The proposed form of Notice attached hereto as Exhibit A-1 (the

4   "Notice") is hereby approved, and the Court preliminarily finds that the Notice complies

5   with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the

6   requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-

7   4(a)(7), and the United States Constitution.

8

9       7.      Lead Counsel shall make reasonable efforts to identify all Settlement

10  Class Members, including beneficial owners whose Applied Signal common stock was

11  held by banks, brokerage firms, or other nominees.  Present and past transfer agents of

12  Applied Signal and Defendants shall provide reasonable assistance, to the extent

13  permitted by law, to Lead Counsel to enable them to identify Settlement Class Members,

14  including providing names and addresses of all Persons that purchased Applied Signal

15  common stock during the Settlement Class Period, to the extent that such information is

16  in the possession, custody or control of, or could be obtained through a reasonable effort

17  by, Defendants.

18

19      8.      The Notice, together with the Proof of Claim and Release attached hereto

20  as Exhibit A-3 (the "Proof of Claim and Release"), shall be sent to all Members of the

21  Settlement Class who can reasonably be identified, by first class mail, postage prepaid,

22  no later than twenty-one (21) business days from the date of this order (the "Notice

23  Date").

24

25

26

27  [Proposed] Order Preliminarily Approving Class Action Settlement

28  Master File No. C 05-1027(SBA)

9.     No later than seven (7) business days following the Notice Date, Lead Counsel shall publish a summary form of notice in the form attached hereto as Exhibit A-2 (the "Summary Notice") in *The Wall Street Journal.*

10.    No later than seven business days following the Notice Date, Lead Counsel shall include a copy of this Order, the Notice, the Summary Notice and the Proof of Claim and Release on the firm website of Izard Nobel LLP, www.izardnobel.com.

11.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court preliminarily finds and concludes that the mailing, publication and electronic notification pursuant to paragraphs 8 - 10 hereof constitute the best notice practicable under the circumstances and provide due and sufficient notice of the matters set forth in the Notice to all Persons entitled to such notice. and that said notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and the requirements of due process and the United States Constitution. The Court further authorizes payment of Costs of Notice and Costs of Administration as further described in the Settlement Stipulation.

12.    No less than seven (7) days before the date scheduled by this Court for the Settlement Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court and served upon Defendants' counsel affidavits or declarations of the Person(s) under whose general direction the (i) mailing of the Notice and Proof of Claim and Release shall have been made and (ii) the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

1       13.    Pursuant to the Notice, each nominee shall either: (1) send the Notice and

2   Proof of Claim to Settlement Class Members for which they act as nominee by first class

3   mail within ten (10) days after the nominee receives the Notice; or (2) send a list of the

4   names and addresses of such beneficial owners to the Claims Administrator within ten

5   (10) days after the nominee receives the Notice and, in the event of the latter, the Claims

6   Administrator shall send by first class mail the Notice and Proof of Claim to all

7   Settlement Class Members who are on the list received from the nominee. The Claims

8   Administrator shall, if requested, reimburse banks, brokerage houses or other nominees

9   for their reasonable out-of-pocket expenses incurred in providing notice to beneficial

10  owners who are Settlement Class Members, which expenses would not have been

11  incurred except for the sending of such notice, subject to further order of this Court with

12  respect to any dispute concerning such compensation.

13      14.    Any Member of the Settlement Class who wishes to be excluded from the

14  Settlement Class must submit a Request for Exclusion to the Claims Administrator no

15  later than fourteen (14) days prior to the Settlement Hearing, in accordance with the

16  Notice. A Request for Exclusion must state: (1) the name, address, and telephone

17  number of the Person requesting exclusion; (2) the Person's purchases and sales of

18  Applied Signal common stock made during the Settlement Class Period, including the

19  dates, the number of shares of common stock, and price paid or received per share for

20  each such purchase or sale; and (3) that the Person wishes to be excluded from the

21  Settlement Class. All Persons who submit Requests for Exclusion in the manner set forth

22  in the Notice shall have no rights under the Settlement, shall not share in the distribution

23  of the Settlement Fund, and shall not be bound by the Settlement or the Judgment. The

1  Claims Administrator shall provide copies of any and all Requests for Exclusion to Lead

2  Counsel and Defendants' counsel, at least seven (7) days before the Settlement Hearing.

3      15.    Any Settlement Class Member who objects to the settlement of the

4  Litigation, the proposed Plan of Allocation, the application of Lead Counsel for attorneys'

5  fees, costs, and expenses, and/or the application for an award to Lead Plaintiff shall have

6  a right to appear and be heard at the Settlement Hearing. Any Settlement Class Member

7  may enter an appearance through counsel of such member's own choosing and at such

8  member's own expense or may appear on their own. However, no Settlement Class

9  Member shall be heard at the Settlement Hearing unless, on or before fourteen (14) days

10  prior to the Settlement Hearing, such Person has filed with the Court a written notice of

11  objection, and the grounds for opposing the Settlement, Plan of Allocation, or application

12  for attorneys' fees, costs and expenses and/or the application for an award to Lead

13  Plaintiff. The written notice of objection must demonstrate the objecting Person's

14  membership in the Settlement Class including (a) the objecting Person's name, address

15  and telephone number; (b) the number of shares of Applied Signal common stock

16  purchased and sold during the Settlement Class Period by the objecting Person; and (c) a

17  statement of the reasons for objection. The written notice of objection must be delivered

18  to the Court, Lead Counsel and counsel for Defendants. The manner in which a notice of

19  objection must be prepared, filed, and delivered shall be stated in the Notice. Only

20  Settlement Class Members who have filed and delivered valid and timely written notices

21  of objection will be entitled to be heard at the Settlement Hearing unless the Court orders

22  otherwise.

16.     Pending resolution of these settlement proceedings, Lead Plaintiff and all other potential Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Litigation, shall not institute or prosecute any claims against the Defendants or the Released Persons which have been or could have been asserted in the Litigation, or that arise out of all or any part of the subject matter of this Litigation.

17.     A Settlement Hearing will be held before the undersigned on _____, 2009, at _____ a.m./p.m. in Courtroom #3, 3rd Floor, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212 to determine (i) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and the Litigation therefore dismissed on the merits with prejudice; (ii) whether the Fee and Expense Application and the Lead Plaintiff's Expense Application should be approved; (iii) whether the Judgment approving the Settlement should be entered; and (iv) whether Lead Counsel's proposed Plan of Allocation should be approved.  The Court may adjourn or continue the Settlement Hearing without further notice to Settlement Class Members.

18.     The Parties are hereby directed to file their briefs in support of the Settlement no later than seven (7) days before the Settlement Hearing.  Lead Counsel shall file any papers they wish to submit in support of the Fee and Expense Application and Lead Plaintiff's Expense Application no later than seven (7) days before the Settlement Hearing.

19.     No Person that is not a Settlement Class Member or counsel for the Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

20.    All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

21.    No later than one hundred twenty (120) days after the Notice Date, any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim form to the Claims Administrator. Proof of Claim forms shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release. All other Proof of Claim and Release forms shall be deemed to been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Persons as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. All Settlement Class Members who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered.

22.    Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation of the Settlement Fund submitted by Lead Counsel and it will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

23.   All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

24.   The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Settlement Class Members.

Signed this _____ day of _____, 2009.

BY THE COURT

_____

HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

10

.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA)<br>CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **EXHIBIT A-1 TO [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING A HEARING DATE** |

# EXHIBIT A-1

### [PROPOSED] NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

[EXHIBIT A-1]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br><br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING |

**TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK (THE "SHARES") OF APPLIED SIGNAL TECHNOLOGY, INC. ("APPLIED SIGNAL") FROM AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, INCLUSIVE (THE "SETTLEMENT CLASS," OR, THE "SETTLEMENT CLASS PERIOD")**

## IMPORTANT

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.**

| **1.   Purpose of Notice** |
|---|

The purpose of this Notice is to inform you of a proposed settlement of the Litigation as described below.  This Notice describes rights you may have under the proposed settlement and what steps you may take in relation to this Litigation.  This Notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by any party in this Litigation, or the fairness or adequacy of the proposed settlement.

## 2.   Notice of Settlement Hearing

Pursuant to Federal Rule of Civil Procedure 23, and the ___, 2009 Order of the United States District Court, Northern District of California, Oakland Division, a hearing will be held on _____, 2009, at ___ a.m., before the Honorable Saundra Brown Armstrong, Courtroom #3, 3rd Floor, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212 (the "Settlement Hearing") to determine: (1) whether the settlement of the Litigation in the amount of $2,700,000, plus any accrued interest thereon should be approved as fair, reasonable, and adequate to the Settlement Class; (2) whether the proposed Plan of Allocation is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for the Settlement Class ("Lead Counsel") for an award of attorneys' fees, costs and expenses (the "Fee and Expense Award") and for an award to the Lead Plaintiff relating to his representation of the Settlement Class (the "Lead Plaintiff's Expense Award") should be approved; and (4) whether claims of the Settlement Class Members against the Defendants should be dismissed on the merits and with prejudice as set forth in the Stipulation of Settlement (the "Settlement Stipulation"), filed with the Court. To share in the distribution of the Settlement Fund, Settlement Class Members must establish their rights and submit the Proof of Claim and Release form accompanying this Notice on or before **[one hundred twenty (120) days after the Notice Date]**. If you desire to be excluded from the Settlement Class or to object to the Settlement, the Fee and Expense Award and/or Lead Plaintiff's Expense Award, you must submit a request for exclusion or file your objection by **[14 Days Before the Settlement Hearing]**.

## 3.   Summary of the Settlement

*Recovery to the Settlement Class:* The aggregate amount of the Settlement Fund proposed to be distributed to the Class is $2,700,000 plus interest earned thereon and less the costs of notice to the Settlement Class, costs of administration of the Settlement Fund, taxes and tax expenses associated with the Settlement Fund, any amounts awarded by the Court to Lead Counsel for attorneys' fees and reimbursement of costs and expenses, and any amounts awarded by the Court to Lead Plaintiff. Lead Counsel estimates that the average recovery per damaged share of Applied Signal common stock under the Settlement is $0.60 per damaged share before deduction of Court-awarded attorneys' fees and expenses. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by the authorized claimant's claim as compared to the total recognized claims of all Settlement Class Members who submit acceptable Proofs of Claim and Release. Individual Settlement Class Members' actual recoveries under the Settlement will vary, depending upon when the Shares were purchased, the amount they paid for their Shares, the amount of proceeds they received, if any, if the Shares purchased during the Settlement Class Period were sold, when the Shares were sold, and the number of claimants who actually file Proofs of Claim and Releases.

*Potential Outcome of the Case:* The Parties disagree on both liability and damages and do not agree on the amount of damages per share that would be recoverable if Plaintiff were to have prevailed on each claim alleged. Among other things, the Parties do not agree on (i) whether Defendants made any misrepresentations during the

Settlement Class Period; (ii) whether Defendants had knowledge or were reckless with respect to any alleged misrepresentations made during the Settlement Class Period; (iii) whether any of the alleged misrepresentations caused the price of the Shares to be artificially inflated during the Settlement Class Period; (iv) whether any drops in the price of Shares during or after the Settlement Class Period were caused by the alleged misrepresentations; (v) the appropriate economic model for determining the amount of artificial inflation (if any) during the Settlement Class Period; (vi) the effect of various market forces influencing the trading price of the Shares at various times during the Settlement Class Period; and (vii) the extent to which external factors (such as industry conditions) influenced the trading price of the Shares during the Settlement Class Period. If the case went to trial, there is no guarantee that Lead Plaintiff would prevail on any of the claims presented.

*Attorneys' Fees, Costs and Expenses Sought:*  As compensation for their time and risk in prosecuting the Litigation on a contingent fee basis, Lead Counsel intend to apply to the Court for an award of attorneys' fees in an amount not to exceed thirty percent (30%) of the Settlement Fund (including interest accruing on the Settlement Fund).  Lead Counsel also intend to seek reimbursement of costs and expenses incurred on behalf of the Settlement Class not to exceed $55,000.00.  Lead Counsel also intends to apply for an award relating to the Lead Plaintiff's representation of the Settlement Class. If the amounts requested by Lead Counsel for fees, costs and expenses are approved by the Court, the average cost per damaged share for these amounts will be approximately $0.194.

*Identification of Lawyers' Representatives:*  The following representatives of Lead Counsel are available to answer questions from Settlement Class Members about any matter contained in this Notice: Jeffrey S. Nobel of Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107, Tel. (860) 493-6292.

*Reasons for Settlement:*  Lead Counsel believes that the claims asserted in the Litigation have merit and that the information obtained and examined by Lead Counsel supports the claims asserted. However, Lead Counsel recognizes that there are significant risks, uncertainty, and expense in proceeding with the Litigation through trial and any appeals.  Lead Counsel is also mindful of the inherent problems of proof under, and possible defenses to, federal securities law claims.  Lead Counsel believes that the Settlement confers substantial benefits upon the Settlement Class and each Settlement Class Member.  Lead Plaintiffs and Lead Counsel have determined that a recovery now will provide an immediate benefit to Settlement Class Members, which is superior to the risk of proceeding with the Litigation.  As a result of these considerations, and based upon extensive arms-length settlement negotiations with Defendants' Counsel, Lead Plaintiffs and Lead Counsel have determined that the Settlement is in the best interests of the Lead Plaintiffs and the Settlement Class and each Settlement Class Member.

The Defendants do not believe that claims and contentions alleged by Lead Plaintiffs on behalf of the Settlement Class have merit.  Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon

the terms and conditions set forth in the Settlement Stipulation in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.

The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Settlement Stipulation. The Defendants enter into the Settlement Stipulation and Settlement without in any way acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court or otherwise against any of the Defendants on the merits of the claims asserted by Lead Plaintiffs. The Defendants enter into the Settlement Stipulation and Settlement based upon, among other things, the parties' agreement that, to the fullest extent permitted by law, neither the Settlement Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by any of the Defendants or any of their respective Related Entities or any other matter adverse to any of the Defendants or any of their respective Related Entities, except as expressly set forth in the Settlement Stipulation.

## 4. Summary of the Litigation

**Nature of the Litigation:** This is a securities class action (the "Litigation") brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, alleging that Defendants made materially false or misleading public statements either knowingly or with deliberate recklessness.

**Definition of the Settlement Class:** The suit is brought on behalf of all persons who purchased the common stock of Applied Signal Technology, Inc. ("Applied Signal") during the period from August 25, 2004 through February 22, 2005, inclusive, with the exception of the following excluded Persons: Defendants, the Company's employees, officers, directors, members of Defendants' immediate families; any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary; and the legal representatives, heirs, successors or assigns of any excluded Person..

**Identity of Defendants:** Defendants are Applied Signal and Gary Yancey and James Doyle, who were the CEO and CFO of Applied Signal (respectively) during the Settlement Class Period.

**Class Claims:** On August 12, 2005, Lead Plaintiff filed a Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint alleged that during the Settlement Class Period, Defendants issued false and misleading statements concerning the amount of the Company's backlog, that these statements artificially inflated Applied Signal's stock price, and that subsequent disclosures caused Applied Signal's stock price to decline, injuring the Settlement Class.

*History of the Litigation:*  The Litigation was commenced in March of 2005. By an Order dated July 13, 2005, the Court appointed Frank Whiting as Lead Plaintiff and approved Lead Plaintiff's selection of Schatz & Nobel, P.C. (now Izard Nobel LLP) as Lead Counsel. On August 12, 2005, Lead Plaintiff filed the Complaint, and Defendants filed a Motion to Dismiss. On February 6, 2006, the District Court (Armstrong, *J.*) dismissed the Complaint with prejudice, and denied the pending Motion for Class Certification as moot. Plaintiff appealed the dismissal, and on June 5, 2008 the 9th Circuit reversed the District Court's ruling. Defendants subsequently filed an Answer to the Complaint, and the parties then commenced discovery.

*How the Settlement Was Achieved:*  The Settlement was the result of arms-length settlement negotiations. After four years of litigation counsel for the parties conferred and agreed to explore the possibility of settlement through mediation. On January 31, 2009, the parties participated in a full-day mediation session before the Honorable Daniel Weinstein (Ret.) in New York City, during which factual and legal presentations were made by counsel concerning, *inter alia,* the merits of the factual and legal claims asserted in the Litigation and size of potential damages to the Settlement Class, if any. Following the mediation session, the Parties agreed in principle upon the terms of the Settlement, upon the recommendation of Judge Weinstein. On March 26, 2009, counsel for the parties executed the written Settlement Stipulation, and on ___, 2009, the Court, *inter alia*, certified a class for settlement purposes only, as defined above, preliminarily approved the fairness, reasonableness and adequacy of the Settlement and scheduled the Settlement Hearing.

Before entering into of the Settlement, Plaintiff's Counsel conducted extensive factual and legal research and investigation, including: (1) consultation with experts on issues concerning the damages that may have been suffered by Plaintiff and the Settlement Class; (2) consultation with witnesses and potential witnesses concerning the allegations in the Complaint; (3) analysis of analyst reports, newspaper articles, public filings, press releases, and other public statements by and about Applied Signal; (4) research of the applicable law with respect to the claims asserted against Defendants, and the potential defenses thereto; and (5) review and analysis of internal Applied Signal documents produced by Defendants to Plaintiff's Counsel.

## 5.   Key Terms of the Settlement

*What you get:*  Under the terms of the Settlement Stipulation, Defendants and their insurers have agreed to make payment of $2,700,000 in cash to create a Settlement Fund. After payment of (i) the costs of notice, and the costs of administering and distributing the Settlement Fund, including any taxes payable or tax expenses and (ii) the attorneys' fees, costs and reimbursement of expenses awarded by the Court, and any amounts awarded by the Court to Lead Plaintiff, the balance of the Settlement Fund, together with any interest earned thereon (the "Net Settlement Fund"), shall be distributed to the Settlement Class in accordance with the Plan of Allocation described below.

*What you give up:*  Under the terms of the Settlement Stipulation, you, and all members of the Settlement Class who do not request to be excluded from the Settlement – regardless of whether you submit a proof of claim and release – will be deemed to have released all claims, whether known or unknown, which are based upon or related to the purchase of APSG common stock during the Settlement Class Period, against any and all of the Defendants and persons and entities related to them.  The complete terms of the Release are set forth in the attached Proof of Claim and Release form.

*Conditions:*  The Settlement is conditioned upon, among other things:  (1) entry of the Judgment by the Court as provided for in the Settlement Stipulation; and (2) expiration of the time to appeal from the Judgment.  If any one of the conditions described in the Settlement Stipulation is not met, the Settlement Stipulation might be terminated and, if terminated, will become null and void, and shall not prejudice the rights, claims, defenses or positions of any Party to the Stipulation.

## 7.  Your Options

If you are one of the Persons falling within the definition of the Settlement Class (a "Settlement Class Member"), you will remain a Settlement Class Member unless you elect to be excluded from the Settlement Class by the procedure described below.  All Settlement Class Members who do not request to be excluded from the settlement will be bound by any judgment entered in the Litigation pursuant to the Settlement Stipulation, whether or not that Person files a Proof of Claim and Release and whether or not that Person receives a distribution from the Net Settlement Fund.  If you wish to remain a Settlement Class Member, you need do nothing (other than timely file a Proof of Claim and Release in order to participate in the distribution of the Net Settlement Fund) and your rights will be represented by Lead Counsel.  If you wish, you may enter a legal appearance individually or through your own counsel at your own expense.

TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY AND VALIDLY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.  The Proof of Claim and Release ("Proof of Claim and Release") must be postmarked and delivered to the Claims Administrator at the address below on or before **[one hundred twenty (120) days after the Notice Date]**.

The following is a summary of your options and how to exercise them:

**SUBMIT A CLAIM FORM:**  If you submit a claim and release form, you will be eligible to share in distribution of the Net Settlement Fund, and you will be bound by the judgment.  To exercise this option, you must fully complete and timely mail a "Proof of Claim and Release" form to the Claims Administrator by no later than **[DATE 120 days after Notice Date]**.  NOTE:  The Proof of Claim and Release Form is attached to this Notice, and can also be downloaded from www.izardnobel.com.  <u>Copies of supporting documents must be submitted with your Proof of Claim and Release Form.</u>  Please follow all instructions to ensure that your filing is complete.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release Form, you will be forever

barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Settlement and the Judgment.

**OBJECT:** If you wish to participate in the Settlement, but object to some of the terms of the Settlement, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application, you may send an objection in writing to the Court. The court will consider any objection you present with respect to the Settlement, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application. If the Court nonetheless approves the Settlement, you will be bound by judgment, however, you also will be entitled to participate in distribution of the Net Settlement Fund so long as you timely filed a Proof of Claim and Release form. To exercise this option, you must send a letter saying that you object to the Settlement in *In re Applied Signal Technology, Inc. Securities Litigation,* Master File No. C 05-1027 (SBA). Include your name, address, telephone number, your signature, the number of shares of Applied Signal common stock purchased during the Class Period, and the reasons you object to the Settlement. To be considered, *any objection to the Settlement must be postmarked by no later than [14 days before the Settlement Hearing]* and sent to the Court and to counsel for the parties at the following addresses:

*Court:*
Clerk of the Court
UNITED STATES OF DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States Courthouse
1301 Clay Street, Suite 400 S
Oakland, California 94612-5212

*Class Counsel:*
Jeffrey S. Nobel
Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107

*Counsel for all Defendants:*
David Priebe
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2248

You may also appear at the Court's Settlement Hearing either in person or through counsel, but you are not required to do so. Only members of the Settlement Class who have properly submitted written notices of objection in the manner set forth below will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

**EXCLUDE YOURSELF FROM THE SETTLEMENT:** The Court will exclude you from the Settlement Class upon your written request. If you file a request for exclusion from the Settlement, you will have no rights under the Settlement Stipulation, and you will not share in the distribution of the Net Settlement Fund. However, you will not be bound by the Settlement Stipulation or the Judgment. To exercise this option, you must mail a written request asking to be excluded from the Settlement Class to: Applied Signal Inc. Securities Litigation Claims Administrator, c/o FRG Information Systems Corp., P.O. Box 460, Peck Slip Station, New York, NY 10272. The request for exclusion must state: (1) your name, address, and telephone number; (2) the name and address of the Person (or nominee) in whose

name the Applied Signal Shares were registered; (3) your purchases and sales of Applied Signal Shares made during the Settlement Class Period, including the dates, amounts of Shares and price for each such purchase or sale; and (4) that you wish to be excluded from the Settlement Class. *Your written exclusion request must be postmarked, or your electronic exclusion request must be submitted, on or before [14 days before the Settlement Hearing].*

**DO NOTHING:** If you do nothing, you will have no rights under the Settlement Stipulation. You will not share in the distribution of the Net Settlement Fund, but you *will* be bound by the Judgment, and you will be deemed to have released your claims against the Defendants

| 7.   Plan of Allocation |
|---|

After the costs, fees and expenses described above have been paid, the balance of the Settlement (the "Net Settlement Fund") will be distributed to all Settlement Class Members who submit a valid, timely Proof of Claim and Release ("Authorized Claimants"). To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to his or her "Recognized Loss" as described below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall receive a pro rata share. Payment of claims in accordance with this Plan of Allocation is considered to conclusively resolve the claims of all Authorized Claimants.

However, if you made a profit on a sale of Applied Signal common stock purchased during the Settlement Class Period (*i.e.*, the sales price per share of Applied Signal common stock was higher than the purchase price per share of Applied Signal common stock), then the Recognized Loss for those shares of common stock is zero, and any such profits will be offset against the Recognized Loss, if any, from any other Settlement Class Period purchases of Applied Signal common stock. For purposes of calculating Recognized Loss, Settlement Class Period sales of Applied Signal common stock will be matched against and offset the most recent prior Settlement Class Period purchases of Applied Signal common stock on a first-in, first-out ("FIFO") basis. However, for the purpose of calculating Recognized Loss, the "sale price" of Applied Signal common stock purchased during the Settlement Class Period and not sold as of the close of trading on February 22, 2005, is considered to be $23.24, regardless of when (or whether) the Shares were subsequently sold or for how much they were sold. In no event shall there be any Recognized Loss arising out of transactions by Settlement Class Members in which Applied Signal stock was "sold short."

Your "Recognized Loss" is the amount of your actual loss that can be traced to the declines in the price of Applied Signal shares following disclosures Plaintiff alleged to be related to Defendants' alleged misconduct – disclosures that took place on September 9, 2004, December 21, 2004, and February 22, 2005.

The amount of an Authorized Claimant's Recognized Loss shall be determined as follows:

     (a)    For each share of Applied Signal common stock *purchased between August 25, 2004 and September 9, 2004, inclusive* and

(i)     sold on or before September 9, 2004, the Recognized Loss per share is $0.

(ii)    sold between September 10, 2004, and December 21, 2004, inclusive, for a loss, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and the sales price, or (2) $4.67.

(iii)   sold between December 22, 2004, and February 22, 2005, inclusive, for a loss, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and the sales price, or (2) $6.15.

(iv)    not sold as of the close of trading on February 22, 2005, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and $23.24 or (2) $10.43.

(b)   For shares of Applied Signal common stock *purchased between September 10, 2004, and December 21, 2004, inclusive* and

(i)     sold on or before December 21, 2004, the Recognized Loss per share is $0.

(ii)    sold between December 22, 2004, and February 22, 2005, inclusive, for a loss, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and the sales price, or (2) $1.48.

(iii)   not sold as of the close of trading on February 22, 2005, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and $23.24 or (2) $5.76.

(c)   For shares of Applied Signal common stock *purchased between December 22, 2004, and February 22, 2005, inclusive,* and

(i)     sold on or before February 22, 2005, the Recognized Loss per share is $0.

(ii)    not sold as of the close of trading on February 22, 2005, the Recognized Loss per share shall be the lesser of (1) the difference between the purchase price and $23.24 or (2) $4.28.

(d)   There is no Recognized Loss for losses on short sales of Applied Signal common stock.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class member on equitable grounds.

## 8.   Dismissal and Releases

If the proposed Settlement is approved, the Court will enter a Judgment (the "Judgment"), dismissing all Released Claims against the Released Persons (as defined in the Stipulation of Settlement and in the Proof of Claim and Release which accompanies

this Notice), and Settlement Class Members may not thereafter assert any of such claims against the Released Persons. The Judgment will provide that the fact of the Settlement or the terms thereof may not be used against Released Persons in any action or proceeding, except to enforce the Judgment.

The Judgment will also provide that all Settlement Class Members who do not validly and timely request to be excluded from the Settlement Class shall be deemed to have released and forever discharged all Released Claims against all Released Persons.

| **9.   Examination of Papers** |
| --- |

For additional details concerning the Settlement, you may desire to review the Settlement Stipulation filed with the Court, which may be inspected at the office of the Clerk of the United States District Court, Northern District of California, Oakland Division, United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212, during business hours. The Settlement Stipulation is also available at www.izardnobel.com. If you have any questions about the settlement of the Litigation, you may contact Lead Counsel or your own personal attorney.

INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT OR TO THE CLERK OF THE COURT OR TO THE DEFENDANTS

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES:**

If you purchased any publicly-traded common stock of Applied Signal during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by first class mail to all such Persons, or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

Applied Signal Communications, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain (without cost to you) as many additional copies of these documents as you will need to complete the mailing from the Claims Administrator.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred in connection with forwarding the Notice and Proof of Claim and Release, and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release.

Dated: _____, 2009

By Order of the United States
District Court, Northern District of
California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | **EXHIBIT A-2 TO [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING A HEARING DATE** |

# EXHIBIT A-2

[PROPOSED] SUMMARY NOTICE OF PENDENCY OF PROPOSED
SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

[EXHIBIT A-2]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA)<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **SUMMARY NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |

TO:ALL PERSONS WHO PURCHASED THE COMMON STOCK OF APPLIED SIGNAL TECHNOLOGY, INC. ("APPLIED SIGNAL") FROM AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, INCLUSIVE (THE "SETTLEMENT CLASS")

You are hereby notified, pursuant to Court Order, that a hearing will be held on

____, 2009, at ___ a.m., before the Honorable Saundra Brown Armstrong, at Courtroom

#3, 3rd Floor, 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212 (the

"Settlement Hearing") to determine: (1) whether the settlement of the Litigation in the

amount of $2,700,000 (the "Settlement") should be approved as fair, reasonable, and

adequate to the Settlement Class; (2) whether the proposed Plan of Allocation is fair,

reasonable, and adequate; (3) whether the application of Lead Counsel for the Settlement

Class ("Lead Counsel") for an award of attorneys' fees, costs and expenses (the "Fee and

Expense Application") and for an award to Lead Plaintiff relating to his representation of the Settlement Class ("Lead Plaintiff's Expense Application") should be approved; and (4) whether the Litigation and the claims of the Members of the Settlement Class against the Defendants should be dismissed on the merits and with prejudice as set forth in the Stipulation of Settlement (the "Settlement Stipulation"), filed with the Court.

If you purchased Applied Signal common stock during the period from August 25, 2004, through February 22, 2005, inclusive, your rights may be affected by the proposed settlement and release of claims, as set forth in the Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing (the "Notice"). To share in the distribution of the Settlement Fund, Members of the Settlement Class must establish their rights and submit the Proof of Claim and Release form accompanying the Notice on or before **[120 days after the Notice Date].**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion by **[14 days before the Settlement Hearing]** in the manner and form explained in the detailed Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Settlement Stipulation between the parties.

Any objection to the Settlement, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application must be filed with the clerk of the Court no later than **[14 days before the Settlement Hearing]** (at the address listed below), and served upon each of the law firms below:

Clerk of the United States District Court<br>
Northern District of California, Oakland Division<br>
United States Courthouse<br>
1301 Clay Street, Suite 400 S

Oakland, California 94612-5212

***Class Counsel:***
Jeffrey S. Nobel
Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107

***Counsel for all Defendants:***
David Priebe
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2248

If you are a member of the Settlement Class and have not yet received the Notice,

you may obtain a copy by visiting www.izardnobel.com or by writing to:

Applied Signal Technology, Inc., Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

For further information, you may also contact a representative of Lead Counsel:  Jeffrey

S. Nobel of Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107,

Tel. (860) 493-6292.

PLEASE DO NOT TELEPHONE THE COURT, THE CLERK'S OFFICE OR

DEFENDANTS REGARDING THIS NOTICE.

Dated: _____, 2009

By Order of the United States
District Court, Northern District of
California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **EXHIBIT A-3 TO [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING A HEARING DATE** |

# EXHIBIT A-3

## [PROPOSED] PROOF OF CLAIM AND RELEASE

[EXHIBIT A-3]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br><br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | **PROOF OF CLAIM AND RELEASE** |

**TO: ALL PERSONS WHO PURCHASED THE COMMON STOCK (THE "SHARES") OF APPLIED SIGNAL TECHNOLOGY, INC. ("APPLIED SIGNAL") FROM AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, INCLUSIVE (THE "SETTLEMENT CLASS," OR, THE "SETTLEMENT CLASS PERIOD")**

If you purchased Applied Signal common stock during the period described above, have not requested exclusion from the Settlement Class and are not a Defendant, one of the Company's employees, officers, directors, members of Defendants' immediate families; any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary, or the legal representative, heir, successor or assign of any such person or entity, you should read the accompanying Notice of Pendency and Proposed Settlement of Class Action ("Notice") and complete this Proof of Claim and Release Form.

## GENERAL INSTRUCTIONS

1.      In order to receive any payments to which you may be entitled as a member of the Settlement Class in the consolidated action entitled *In re Applied Signal Technology, Inc.,* Master File No. C 05-1027 (SBA) (the "Litigation"), you must complete and, on page _ hereof, sign this Proof of Claim and Release (the "Proof of Claim and Release"). If you fail to submit a properly addressed Proof of Claim and Release (as set forth in Paragraph 3 below), your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE TO THE CLAIMS ADMINISTRATOR POSTMARKED ON OR BEFORE **[120 days after the Notice Date]**, ADDRESSED AS FOLLOWS:

Applied Signal Technology, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005

4.      If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed settlement, you will be bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

5.      If you are NOT a member of the Settlement Class (as defined in the enclosed Notice), DO NOT submit a Proof of Claim and Release.

## CLAIM FORM

1.      If you purchased Applied Signal common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased these securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser and, if different, each purchaser of record, of Applied Signal common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS OR THE LEGAL

REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this form on behalf of Persons represented by them and documentation establishing their authority must accompany this claim and their titles and capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4. A claimant whose stock was held in a custodian account under a Uniform Gift to Minors Act ("UGMA"), may file in his or her own name, if he or she is now of age. In this event, the former custodian does not have to sign the Proof of Claim. Custodians under the UGMA should identify themselves as beneficial purchasers, not nominees (e.g., John Smith, Custodian for Jack Smith UGMA). In this instance, use the minor's Social Security Number.

5. Corporate officers or partners filing for a claimant corporation or partnership should fill in the name of the entity as the beneficial purchasers, and sign their names and titles where indicated on the signature page.

6. Use Part II, Sections A, B and C of this form entitled "Schedule of Transactions in Shares of Applied Signal Common Stock" to supply all required details of your transaction(s) in the Applied Signal common stock. On the schedules, provide all of the requested information with respect to (i) the number of Applied Signal Shares you owned at the close of trading on August 24, 2004; (ii) *all* of your purchases and *all* of your sales of Applied Signal Shares which took place from August 25, 2004, through February 22, 2005, inclusive (the "Settlement Class Period"), regardless of whether such transactions resulted in a profit or loss; and (iii) the number of Applied Signal Shares you owned after the close of trading on February 22, 2005. Failure to report all such transactions may result in the rejection of your claim.

7. List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

8. Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of Applied Signal Shares should be excluded in computing the "total purchase price" and the "total sales price."

9. Brokers' confirmations or other documentation of your transactions in Applied Signal Shares should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*In re Applied Signal Technology, Inc. Securities Litigation,*
Master File No. C 05-1027 (SBA)

**PROOF OF CLAIM AND RELEASE**

Must Be Postmarked No Later Than:
**[120 days after Notice Date]**

Please Type or Print

**PART I:      CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last) _____

Joint Beneficial Owner's Name (First, Middle, Last) _____

Street Address _____

City _____      State _____      Zip Code _____

Foreign Province _____      Foreign Country _____

_____      Corporation/Other _____ Individual
Social Security Number or
Tax Identification Number

(_____)_____      (_____)_____
Area Code  Telephone Number (work)      Area Code  Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

**PART II:   SCHEDULE OF TRANSACTIONS IN SHARES OF Applied Signal COMMON STOCK**

    A.  NUMBER OF SHARES OF Applied Signal COMMON STOCK OWNED AT THE CLOSE OF TRADING ON AUGUST 24, 2004: _____ (must be documented)

    B.  PURCHASES OF SHARES OF Applied Signal COMMON STOCK DURING THE SETTLEMENT CLASS PERIOD (AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, inclusive):

| Trade Date(s) Month/Day/Year | Number of Shares Purchased | Total Purchase Price (excluding commissions, transfer taxes or other fees) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

    C.  SALES OF SHARES OF Applied Signal COMMON STOCK DURING THE SETTLEMENT CLASS PERIOD (AUGUST 25, 2004 THROUGH FEBRUARY 22, 2005, inclusive)

| Trade Date(s) Month/Day/Year | Number of Shares Sold | Total Sales Price (excluding commissions, transfer taxes or other fees) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

D.    NUMBER OF SHARES OF Applied Signal COMMON STOCK HELD AT THE CLOSE OF TRADING ON FEBRUARY 22, 2005: _____ (must be documented).

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN RELEASE ON PAGE _.**

## PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court, Northern District of California, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein and any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Shares of publicly-traded Applied Signal common stock during the Settlement Class Period and know of no other Person having done so on my behalf. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Litigation.

I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so

## PART IV: RELEASE

A. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Persons from any and all Released Claims (including Unknown Claims).

B. The terms used in this release are defined below:

1.    "Released Claims" means all claims, known or unknown (including "Unknown Claims"), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether in contract, tort, equity or otherwise, whether or not concealed or hidden, asserted or that might have been asserted in this or any other forum or proceeding, including, without limitation, claims for negligence, gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, mismanagement, corporate waste, breach of contract, or violations of any state or federal statutes, rules or regulations, by or on behalf of Lead Plaintiff, the Settlement Class, or any Settlement Class Member against the Released Persons which are based upon or related to the purchase of Applied Signal common stock by any Settlement Class Member during the Settlement Class Period and the facts, transactions, events,

occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation, or any other forum.

      2.    "Unknown Claims" means any Released Claim which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

      Lead Plaintiff shall expressly waive, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign country or jurisdiction, or principle of common law, which are similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

      3.    "Released Persons" means the Defendants and their respective Related Parties.

      4.    "Related Parties" means all of each Defendant's past, present, and future employers, affiliated or parent companies, subsidiaries, predecessors and successors, any entity in which a Defendant and/or any member(s) of any Defendant's immediate family has or have a controlling interest, agents, accountants, auditors, banks, investment banks

or investment bankers, advisors, analysts, personal or legal representatives, insurers, co-insurers, reinsurers, attorneys, spouses, associates, successors, assigns, creditors, administrators, heirs, joint ventures, legal representatives, any members of their immediate families, or any trust of which any Defendant is the trustee or settlor or which is for the benefit of any Defendant and/or member(s) of his family. Related Parties shall also include, for each entity identified in the previous sentence, all of such entities past or present directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, any entity in which such entity has or have a controlling interest, attorneys, accountants, auditors, banks, investment banks or investment bankers, advisors, analysts, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, associates, and related or affiliated entities.

     5.     "Defendants" means Defendants Applied Signal Technology, Inc., Gary Yancey and James Doyle.

     6     "Shares" means the publicly-traded common stock issued by Applied Signal Technology, Inc.

     C.     This Release shall be of no force and effect unless and until the Court approves the Stipulation of Settlement (the "Settlement Stipulation") and the Settlement Stipulation becomes effective as to all Released Persons as of the Effective Date (as defined in the Settlement Stipulation).

## PART V: REPRESENTATIONS

     A.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

     B.     I (We) hereby warrant and represent that I (we) have included information about all of my transactions in Applied Signal Shares with regard to (i) the number of Shares of Applied Signal owned by me at the close of trading on August 24, 2004; (ii) all of my purchases of Shares of Applied Signal common stock which took place from August 25, 2004 through February 22, 2005, inclusive; (iii) all of my sales of Shares of Applied Signal common stock, which took place from August 25, 2004 through February 12, 2005, inclusive; and (iv) the number of Shares of Applied Signal common stock held by me at the close of trading on February 22, 2005.

     C.     I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

     I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct

and that this Proof of Claim and Release form was executed this _____ day of _____ in _____.

_____    _____
(Month) (Year)                       (City, State, Country)


_____
(Signature of Claimant)


_____
(Type or print your name here)


_____
(Signature of Joint Claimant, if any)


_____
(Type or print your name here)


_____
(Capacity of persons signing, e.g., Beneficial Purchaser, Executor of Administrator)


**ACCURATE CLAIMS PROCESSING**
**TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

    1.    Please sign the Proof of Claim and Release.

    2.    Remember to attach supporting documentation.

    3.    Do not send original or copies of stock certificates.

    4.    If you move, please send your new address to the address above.

    5.    Please keep a copy of your claim form for your records.

    6.    If you have any questions concerning this Proof of Claim and Release, contact the Claims Administrator at:

Applied Signal Technology, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
110 Wall Street, 21st Floor
New York, NY 10005
