JEFFREY S. NOBEL (*jnobel@izardnobel.com*)
MARK P. KINDALL (Bar #138703) (*mkindall@izardnobel.com*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT  06107
Tel: (860) 493-6292 | Fax:  (860) 493-6290

ALAN R. PLUTZIK (Bar #077785)
(*APlutzik@bramsonplutzik.com*)
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek,  CA 94598
Tel:  (925) 945-0200

*Attorneys for Lead Plaintiff*

SHIRLI FABBRI WEISS (Bar #079225)
(*shirli.weiss@dlapiper.com*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel: (858) 677-1400 | Fax:  (858) 677-1477

DAVID PRIEBE (Bar #148679) (*david.priebe@dlapiper.com*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel:  (650) 833-2000 | Fax:  (650) 833-2001

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) <br><br> CLASS ACTION |
|---|---|
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | **ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING HEARING DATE** |

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 26, 2009 (the "Settlement Stipulation") that has been entered into by the Lead Plaintiff and the Defendants, and

WHEREAS, the Court has reviewed the Settlement Stipulation and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Stipulation.

2. The Court hereby preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing.

3. The Court preliminarily finds, for purposes of the Settlement only, that the prerequisites to a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law or fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Accordingly, pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby:

(i)     preliminarily certifies, for the purposes of this Settlement, a Settlement Class of all Persons who purchased the common stock of Applied Signal Technology, Inc. ("Applied Signal") during the period between August 25, 2004 and February 22, 2005, inclusive, with the exception of the following excluded Persons:  Defendants, the Company's employees, officers, directors, members of Defendants' immediate families; any entity in which any Defendant has a controlling interest or which the Company is a parent or subsidiary; those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing ("Notice") to be sent to the Settlement Class; and the legal representatives, heirs, successors or assigns of any excluded Person;

(ii)    preliminarily appoints Lead Plaintiff Frank Whiting as representative of the Settlement Class; and

(iii)   preliminarily appoints Izard Nobel LLP as Lead Counsel for the Settlement Class and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison Counsel for the Settlement Class.

4.    For purposes of the Settlement only, Lead Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

5.    Subject to the terms of the Settlement Stipulation and direction of the Court, Lead Counsel is hereby approved and authorized to act as Escrow Agent and the firm of FRG Information Systems Corp., is hereby appointed as Claims Administrator to

supervise and administer the Notice procedure as well as the proving of claims in accordance with the Settlement Stipulation.

6. The proposed form of Notice attached hereto as Exhibit A-1 (the "Notice") is hereby approved, and the Court preliminarily finds that the Notice complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and the United States Constitution.

7. Lead Counsel shall make reasonable efforts to identify all Settlement Class Members, including beneficial owners whose Applied Signal common stock was held by banks, brokerage firms, or other nominees. Present and past transfer agents of Applied Signal and Defendants shall provide reasonable assistance, to the extent permitted by law, to Lead Counsel to enable them to identify Settlement Class Members, including providing names and addresses of all Persons that purchased Applied Signal common stock during the Settlement Class Period, to the extent that such information is in the possession, custody or control of, or could be obtained through a reasonable effort by, Defendants.

8. The Notice, together with the Proof of Claim and Release attached hereto as Exhibit A-3 (the "Proof of Claim and Release"), shall be sent to all Members of the Settlement Class who can reasonably be identified, by first class mail, postage prepaid, no later than twenty-one (21) business days from the date of this order (the "Notice Date").

9. No later than seven (7) business days following the Notice Date, Lead Counsel shall publish a summary form of notice in the form attached hereto as Exhibit A-2 (the "Summary Notice") in *The Wall Street Journal*.

10. No later than seven business days following the Notice Date, Lead Counsel shall include a copy of this Order, the Notice, the Summary Notice and the Proof of Claim and Release on the firm website of Izard Nobel LLP, www.izardnobel.com.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court preliminarily finds and concludes that the mailing, publication and electronic notification pursuant to paragraphs 8 - 10 hereof constitute the best notice practicable under the circumstances and provide due and sufficient notice of the matters set forth in the Notice to all Persons entitled to such notice. and that said notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and the requirements of due process and the United States Constitution.  The Court further authorizes payment of Costs of Notice and Costs of Administration as further described in the Settlement Stipulation.

12. No less than seven (7) days before the date scheduled by this Court for the Settlement Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court and served upon Defendants' counsel affidavits or declarations of the Person(s) under whose general direction the (i) mailing of the Notice and Proof of Claim and Release shall have been made and (ii) the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

13. Pursuant to the Notice, each nominee shall either: (1) send the Notice and Proof of Claim to Settlement Class Members for which they act as nominee by first class mail within ten (10) days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Settlement Class Members who are on the list received from the nominee.  The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14. Any Member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to the Claims Administrator no later than fourteen (14) days prior to the Settlement Hearing, in accordance with the Notice.  A Request for Exclusion must state:  (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Applied Signal common stock made during the Settlement Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or the Judgment.  The

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

Claims Administrator shall provide copies of any and all Requests for Exclusion to Lead Counsel and Defendants' counsel, at least seven (7) days before the Settlement Hearing.

15.  Any Settlement Class Member who objects to the settlement of the Litigation, the proposed Plan of Allocation, the application of Lead Counsel for attorneys' fees, costs, and expenses, and/or the application for an award to Lead Plaintiff shall have a right to appear and be heard at the Settlement Hearing. Any Settlement Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense or may appear on their own.  However, no Settlement Class Member shall be heard at the Settlement Hearing unless, on or before fourteen (14) days prior to the Settlement Hearing, such Person has filed with the Court a written notice of objection, and the grounds for opposing the Settlement, Plan of Allocation, or application for attorneys' fees, costs and expenses and/or the application for an award to Lead Plaintiff.  The written notice of objection must demonstrate the objecting Person's membership in the Settlement Class including (a) the objecting Person's name, address and telephone number; (b) the number of shares of Applied Signal common stock purchased and sold during the Settlement Class Period by the objecting Person; and (c) a statement of the reasons for objection.  The written notice of objection must be delivered to the Court, Lead Counsel and counsel for Defendants.  The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice.  Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

16. Pending resolution of these settlement proceedings, Lead Plaintiff and all other potential Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Litigation, shall not institute or prosecute any claims against the Defendants or the Released Persons which have been or could have been asserted in the Litigation, or that arise out of all or any part of the subject matter of this Litigation.

17. A Settlement Hearing will be held before the undersigned on **July 28, 2009, at 1:00 p.m.** in Courtroom #3, 3rd Floor, 1301 Clay Street, Oakland, California 94612-5212 to determine (i) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and the Litigation therefore dismissed on the merits with prejudice; (ii) whether the Fee and Expense Application and the Lead Plaintiff's Expense Application should be approved; (iii) whether the Judgment approving the Settlement should be entered; and (iv) whether Lead Counsel's proposed Plan of Allocation should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to Settlement Class Members.

18. The Parties are hereby directed to file their briefs in support of the Settlement no later than fourteen (14) days before the Settlement Hearing. Lead Counsel shall file any papers they wish to submit in support of the Fee and Expense Application and Lead Plaintiff's Expense Application no later than fourteen (14) days before the Settlement Hearing.

19. No Person that is not a Settlement Class Member or counsel for the Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

21. No later than one hundred twenty (120) days after the Notice Date, any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim form to the Claims Administrator. Proof of Claim forms shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release. All other Proof of Claim and Release forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Persons as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. All Settlement Class Members who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered.

22. Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation of the Settlement Fund submitted by Lead Counsel and it will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

24. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Settlement Class Members.

Dated: 5/22/09

_____
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE

[Proposed] Order Preliminarily Approving Class Action Settlement
Master File No. C 05-1027(SBA)

10