1  JEFFREY S. NOBEL (*jnobel@izardnobel.com*)
   MARK P. KINDALL (Bar #138703) (*mkindall@izardnobel.com*)
2  **IZARD NOBEL LLP**
   29 South Main Street, Suite 215
3  West Hartford, CT 06107
   Tel: (860) 493-6292 | Fax: (860) 493-6290
4
5  Lead Counsel for Lead Plaintiff

6  ALAN R. PLUTZIK (Bar #077785) (*APlutzik@*
   *bramsonplutzik.com*)
7  **BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
   2125 Oak Grove Road, Suite 120
8  Walnut Creek, CA 94598
   Tel: (925) 945-0200
9
10 Liaison Counsel for Lead Plaintiff

11

12                **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
13

14 | IN RE APPLIED SIGNAL | MASTER FILE NO. C 05-1027 (SBA) |
   | TECHNOLOGY, INC. SECURITIES | CLASS ACTION |
15 | LITIGATION | |

16 |  | **PLAINTIFF'S MOTION FOR FINAL** |
   |  | **APPROVAL OF SETTLEMENT** |
17

18 |  | Date:    July 28, 2009 |
   |  | Time:    1:00 p.m. |
19 |  | Place:   Courtroom 3 |
   |  | Before:  Honorable Saundra Brown Armstrong |

20      Pursuant to the Court's May 22, 2009 Order [Dkt. No. 88] and Rule 23 of the

21 Federal Rules of Civil Procedure, Lead Plaintiff Frank Whiting ("Lead Plaintiff")

22 respectfully submits this Motion for Final Approval of the proposed $2,700,000

23 settlement (the "Settlement") of this class action litigation (the "Motion"), including the

24 certification of a settlement class on behalf of all purchasers of the common stock of

25 Applied Signal Technology, Inc. ("Applied Signal") from August 25, 2004 to February

26 22, 2005, inclusive (the "Settlement Class").

27

28

1

2    In support of the Motion, Lead Plaintiff has submitted (i) the Declaration Of

3    Jeffrey S. Nobel, dated July 14, 2009, (ii) a Memorandum of Points and Authorities in

4    Support of Motion for Final Approval Of Class Action Settlement and Application for

5    Award of Attorneys' Fees and Reimbursement of Costs and Expenses, and (iii) a

6    [Proposed] Final Judgment of Dismissal, With Prejudice (attached hereto as Exhibit A).

7        Respectfully submitted,

8        Dated: July 14, 2009

9

10                                          \s\
                                            _____
11                                          Jeffrey S. Nobel
                                            Mark P. Kindall (Bar # 138703)
12                                          **IZARD NOBEL LLP**
                                            29 South Main Street, Suite 215
13                                          West Hartford, Connecticut 06107

14                                          *Lead Counsel for Lead Plaintiff*

15                                          Alan R. Plutzik (Bar #077785)
                                            **BRAMSON, PLUTZIK, MAHLER &**
16                                          **BIRKHAEUSER, LLP**
                                            2125 Oak Grove Road, Suite 120
17                                          Walnut Creek, CA 94598

18                                          *Liaison Counsel for Lead Plaintiff*

19

20

21

22

23

24

25

26

27                                    2

28

# EXHIBIT A

JEFFREY S. NOBEL (*jnobel@izardnobel.com*)
MARK P. KINDALL (Bar #138703) (*mkindall@izardnobel.com*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT  06107
Tel: (860) 493-6292 |  Fax:  (860) 493-6290

Lead Counsel for Lead Plaintiff

ALAN R. PLUTZIK (Bar #077785) (*APlutzik@
bramsonplutzik.com*)
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Tel:  (925) 945-0200

Liaison Counsel for Lead Plaintiff

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-1027 (SBA) |
| | CLASS ACTION |
| | **[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE** |

This matter came on for hearing on July 28, 2009, upon the Motion for Final Approval of the Settlement set forth in the Stipulation of Settlement, dated as of March 26, 2009 (the "Settlement Stipulation").  Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Stipulation, all papers filed and proceedings had herein and all comments received regarding the proposed settlement, and having reviewed the entire record in the Litigation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment of Dismissal With Prejudice (the "Judgment"), adopts all defined terms set forth in the Settlement Stipulation and incorporates the terms of the Settlement Stipulation by reference herein.

2. The Court has jurisdiction over the subject matter of the above-captioned Litigation (the "Litigation"), and has personal jurisdiction over Lead Plaintiff, the other Members of the Settlement Class, and the Defendants.

3. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, Proof of Claim and Release, and publication of the Summary Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing, as provided for in the Order Preliminarily Approving Settlement, Directing Notice and Scheduling Hearing Date, constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), due process and the United States Constitution.

4. The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the

1    Settlement Class by executing and returning a "request for exclusion" in conformance

2    with the terms of the Settlement Stipulation and its exhibits.

3        5.        With respect to the Settlement Class, this Court finds and concludes that,

4    for purposes of the Settlement only, that the prerequisites to a class action under Federal

5    Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of

6    Settlement Class Members is so numerous that joinder of all members thereof is

7    impracticable; (b) there are questions of law or fact common to the Settlement Class; (c)

8    Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to

9    represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the

10   Settlement Class; (e) the questions of law or fact common to the Members of the

11   Settlement Class predominate over any questions affecting only individual members of

12   the Settlement Class; and (f) a class action is superior to other available methods for the

13   fair and efficient adjudication of the controversy.

14       6.        This Court hereby certifies, for the purposes of this Settlement, a

15   Settlement Class of all Persons who purchased the common stock of Applied Signal

16   Technology, Inc. during the period between August 25, 2004 and February 22, 2005,

17   inclusive, with the exception of the following excluded Persons:  Defendants, the

18   Company's employees, officers, directors, members of Defendants' immediate families,

19   any entity in which any Defendant has a controlling interest or which the Company is a

20   parent or subsidiary, those Persons who timely and validly requested exclusion from the

21   Settlement Class (identified in Exhibit 1 hereto); and the legal representatives, heirs,

22   successors or assigns of any such excluded Person.

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

7.     The Court appoints Lead Plaintiff Frank Whiting as representative of the Settlement Class; and

8.     The Court appoints Izard Nobel LLP as Lead Counsel for the Settlement Class and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison Counsel for the Settlement Class.

9.     After hearing and based upon the submission of Lead Counsel, this Court hereby approves the Settlement, as set forth in the Stipulation, each of the releases, and other terms, as fair, reasonable, and adequate to the Settlement Class and the Settlement Class Members. The Parties to the Settlement Stipulation are therefore hereby directed to consummate and perform its terms.

10.    Except as to any individual claim of those Persons, if any (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to Lead Plaintiff and the other Members of the Settlement Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude, and shall preclude, Lead Plaintiff and all other Settlement Class Members from filing or pursuing any Released Claims under federal law or the law of any state.

11.    Upon the Effective Date, Lead Plaintiff shall release and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims

---

4                [Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

1   (including "Unknown Claims") against each and all of the Released Persons, whether or

2   not such Settlement Class Member executes and delivers the Proof of Claim and Release.

3          12.     Upon the Effective Date, each of the Defendants shall be deemed to have,

4   and by operation of the Judgment shall have, fully, finally, and forever released,

5   relinquished and discharged all Plaintiffs, the Settlement Class Members and all

6   Plaintiffs' Counsel, from all claims arising out of, relating to, or in connection with the

7   institution, prosecution, assertion, or resolution of the Litigation or the Released Claims.

8

9          13.     Upon the Effective Date, all Plaintiffs, the Settlement Class Members, and

10  all Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall

11  have, fully, finally, and forever released, relinquished and discharged the Released

12  Persons from all claims arising out of, relating to, or in connection with the defense, or

13  resolution of the Litigation or the Released Claims.

14

15         14.     All Settlement Class Members are permanently barred and enjoined from

16  instituting or prosecuting, in any capacity, any action or proceeding that involves or

17  asserts any of the Released Claims.

18         15.     Only those Settlement Class Members filing valid and timely Proofs of

19  Claim and Release shall be entitled to participate in the Settlement and receive a

20  distribution from the Settlement Fund. The Proof of Claim and Release to be executed by

21  the Settlement Class Members shall further release all Released Claims against the

22  Released Persons. All Settlement Class Members shall, as of the Effective Date, be

23  bound by the releases set forth herein whether or not they submit a valid and timely Proof

24  of Claim and Release.

25

26

27

28

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

16.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any Settling Party for any purpose except as provided in this ¶ 16.  Released Persons may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties, their respective counsel or any other Member of the Settlement Class may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

17.     Only those Settlement Class Members identified in Exhibit 1 hereto as having validly filed Requests for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order of Dismissal.

18.     Without affecting the finality of this Judgment, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Settlement Stipulation and Settlement.

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

19.     Any order, or any objection to or appeal from any order, approving the Plan of Allocation, Fee and Expense Application, or the Lead Plaintiff's Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Final Judgment.

20.     The Court finds that the Lead Plaintiff and Defendants, and their respective counsel, have, at all times during the course of the Litigation, complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Court finds that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties.

21.     It is expressly determined, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and the entry of this Judgment is hereby expressly directed.

Signed this ____ day of _____, 2009.

BY THE COURT


_____
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)

1

## Exhibit 1

2

**Requests for Exclusion**

3

None

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Final Judgment of Dismissal with Prejudice
Master File No. C 05-1027(SBA)