UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | MASTER FILE NO. C 05-01027 SBA <br><br> <u>CLASS ACTION</u> <br><br> **ORDER** <br><br> [Docket 108] |

Presently before the Court is the pro se Motion to Intervene as Plaintiffs and for Recusal of Counsel David Allen Priebe, filed by Patrick J. Simpson, Richard Galietti, Isong Akpan, Andre Cowley, Riches Jonathan Lee, Mario Alvarado, George Barbour, Maurice Shelly, Eddie Whitlow, and Justin Laube (the "Proposed Intervenors").

This is a securities fraud case brought in 2005 on behalf of a class of all purchasers of Applied Signal common stock. The Court approved a final settlement of the litigation by Order dated August 3, 2009. On August 3, 2009, the Court also entered Final Judgment of Dismissal with Prejudice. Lead Plaintiff filed a Motion for Distribution on May 21, 2010. This Court notes that, with the exception of Mr. Lee, none of the Proposed Intervenors had any involvement in this litigation prior to this point. Mr. Lee filed an earlier Motion to Intervene that was denied by this Court on July 17, 2009. (Docket No. 95.) Lead Plaintiff Frank Whiting has filed an opposition to the instant motion.

In their motion, the Proposed Intervenors claim either intervention as of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Rule 24(b). Their only asserted basis for attempted intervention is the claim that "movants have a common vested interest in this litigation and support the claims of Plaintiff Benson." The Proposed Intervenors do not claim to be members of the class. In addition, the Proposed Intervenors seek "recusal"

of Defendants' counsel David Allen Priebe "due to financial and personal conflicts of interest that will prevent the movants from receiving a fair hearing." They also contend that "Counsel Priebe and DLA Piper defended Movant Patrick J. Simpson in his Federal Criminal Case, District of Maine," and "Simpson claims ineffective assistance of counsel …."

I. **DISCUSSION**

In those situations not covered by an unconditional statutory right to intervene under Rule 24(a)(1), Rule 24(a)(2) sets forth a four-part test for intervention as of right. The intervenor must show that: (1) the intervention application is timely; (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest." Fed. R. Civ. Pro. 24(a)(2). Although the party seeking to intervene bears the burden of showing those four elements are met, "the requirements for intervention are broadly interpreted in favor of intervention." Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006); see also Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

With respect to permissive intervention under Rule 24(b), the Court may grant a timely motion to intervene if it is brought by one who is (1) given a conditional right to intervene by a federal statute; or (2) has a claim or defense that shares with the main action a common question of law or fact. The proposed intervenor bears the burden to demonstrate that it has satisfied the requirements for intervention. Prete, 438 F.3d at 954.

Here, the Proposed Intervenors have not shown that they have a "significant protectable interest relating to the property or transaction that is the subject of the action." From their motion, it is wholly unclear what their "vested interest" in the subject matter of the litigation could be. They do not claim any statutory right to intervene, they do not claim that they have an interest relating to the property or transaction in question, they do not state how disposal of the matter could "impair or impede" their ability to protect their interests, nor do they set out any common questions of law and fact between the issues involved in this litigation (securities fraud allegations against Defendant Applied Signal) and the issues about which they complain

(movant Patrick J. Simpson's unrelated criminal trial).  The only connection to this litigation set out in their papers appears to be a claim that Mr. Simpson was represented at one time by counsel for Defendants; however, that has no bearing on the merits of the litigation before this Court.

For these reasons, the Proposed Intervenors have not met their burden to show that they are entitled to intervene under either Rule 24(a) or 26(b).

As a final matter, the Proposed Intervenors seek "recusal" of Defendants' counsel so that they may receive a "fair hearing."  As indicated, the Proposed Intervenors' motion to intervene fails on its merits.  Therefore, their motion for recusal of Defendants' counsel is moot.

## II. CONCLUSION

For the above stated reasons, the Proposed Intervenors' Motion to Intervene as Plaintiffs and for Recusal of Counsel is DENIED in its entirety.  This order terminates Docket No. 108.

IT IS SO ORDERED.

Dated: September 16, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge